### No. ___

### First Circuit Appeal.

### ADRASTE LAFLEUR v. ROBERT DUPRE.

(December 30, 1924, Opinion and Decree.)
(February 18, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1.  Louisiana Digest, Assault and Battery—
    Par. 1, 11.
Damages will be allowed for an assault in which the defendant was the agressor; although the amount ($125.00 in this case), is not large.
(Civil Codde, Article 2315. Editor's note.)

Appeal from the Parish of Evangeline, Hon. B. H. Pavy, Judge.

This is a damage suit for an assault.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. H. Dore, of Ville Platte, attorney for plaintiff, appellee.

A. P. Garland, of Ville Platte, attorney for defendant, appellant.

MOUTON, J. Plaintiff wrote a letter to defendant, asking him if he had in his possession two tarpaulins belonging to the Lafleur Soileau Wholesale Company; and, if he had, to please return them. Plaintiff had been appointed receiver of that company and was making this inquiry upon information received from one of its stockholders. The letter did not contain the slightest insinuation or imputation that dedefendant had gotten the tarpaulins by unlawful or improper means. It was written by plaintiff in the interest of the company he was representing as receiver, was apparently prompted by a sense of duty, and not by personal ill-will towards defendant. Plaintiff while walking on the streets of the Town of Ville Platte coming from a meeting of the Board of Directors of the People's Bank and Trust Company was accosted by defendant, and, was asked for an explanation of the letter, above referred to. This letter, though written to defendant, had been addressed on the envelope to Robert Soileau. Plaintiff when accosted by defendant, explained to him that this address to Soileau was simply the result of an error on his part, and that if he did not have the tarpaulin "it was all right" and was a "misunderstanding". The evidence shows when defendant stopped plaintiff on the street for the purpose of engaging in a conversation with him in reference to these tarpaulins, that they shook hands and were apparently on good friendly terms. It appears, however, from the record that sometime prior thereto, that these parties had had a settlement of accounts, which,

no doubt, from the evidence had not terminated to the entire satisfaction of the defendant. Defendant, in the course of his testimony, says he said to plaintiff, during the conversation hereinabove referred to, quoting: "It looks every time I have had business with you, and every letter I get from you is a pretty short letter." Further, he says again "it looks like you want to abuse me." No doubt, defendant was smarting under what he considered some ill-treatment on the part of plaintiff, whether true of fanciful. It was defendant that brought on this discussion which degenerated into a quarrel, and finally resulted in a blow on plaintiff's face inflicted by defendant. He, defendant, was the agressor as appears from the evidence above quoted, and other facts of the case which it is not necessary to mention.

The defendant, as a justification for his act seems to contend that plaintiff was in a threatening attitude when he was struck. It appears when the blow was inflicted that plaintiff had his left hand on his hip pocket. His right hand was, however, hanging on his side. When he was struck or at about that time, plaintiff said he did not want to fight and from his general demeanor during the short but heated discussion which took place between the parties, plaintiff at no time exhibited the least desire for an encounter, and indulged in no gesture nor committed any act, showing that he was in a belligerent attitude or desired to inflict any injury on defendant in any manner whatsoever.

Several of the witnesses who saw the difficulty, overheard plaintiff say as follows, during the discussion and in reference to the tarpaulins: "It looks like you are guitly, Mr. Dupre." Such language as this, under the circumstances, carried with it a serious imputation, and was unquestionably very provoking. It was at the time these

words were uttered that the blow was struck, which, no doubt, prompted the battery, and which was not caused by the threatening attitude of plaintiff as defendant would have it appear. He simply could not stand the insulting insinuations of the plaintiff, and in an outburst of passion suddenly aroused, struck plaintiff with his fist on the face. This case is not a parallel one to the case reported in the Brodtman vs. Finerty, 116 La. 1106, 41 South. 329, relied upon by counsel for defendant, where the court refused damages to plaintiff although defendant was not justified in law in his conduct. In the case cited by counsel, the court held that the plaintiff was at fault, and the aggressor from beginning to end. Here, the defendant was the agressor and brought on the quarrel which ended in the battery on plaintiff. It also appeared in that case that plaintiff was very insulting, and acted in company with two other employees in the interviews he had at different times with the defendant, his employer, that when he was struck by defendant he was calling the latter a highway robber and stood facing him with a clenched fist, and defendant thinking he would be struck gave plaintiff the first blow. There is nothing of the sort here. Defendant was not, when he hit plaintiff, in the immediate danger of injury or bodily harm from plaintiff, who was not at fault, and is therefore entitled to the recovery of damages. The proof shows that when plaintiff was struck he staggered a step or two, and that he was not seriously injured. It also shows that defendant did not pursue his advantage over plaintiff by attempting to strike him a second time, and did not appear to have been actuated by a revengeful or malicious spirit. He simply lost control of himself in a moment of sudden anger, and inflicted the blow. On the other hand, it also appears that plaintiff also lost control of his equilibrium and permitted himself to indulge in provoking and unjustifiable remarks. An encounter like this, though it calls for compensation in damages to the party injured, does not justify a large assessment.

The judge granted damages for $125.00 and we believe, he wisely exercised the discretion vested in him by law in such cases.