No. ——

First Circuit Appeal

DORZELIN GUILLORY v. ARESTIN M. FONTENOT

(May 5, 1925, Opinion and Decree.)
(June 30, 1925, Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Assault and Battery Par. 1.**

Where one walks into a shop and deliberately provokes a difficulty with another, striking him on the ear, he is liable for the damage done even though the party whom he struck may have used abusive language.

2. **Louisiana Digest—Appeal—Par. 625.**

The judgment of the district court as to the quantum of damage being clearly correct is affirmed.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Evangeline Parish, Hon. B. H. Pavy, Judge.

This is a suit for damages due to an assault and battery.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. C. Fruge and A. V. Perry, of Opelousas, attorneys for plaintiff, appellee.

J. H. Dore, of Ville Platte, attorney for defendant, appellant.

MOUTON, J. Plaintiff, on May 24, 1923, had gone to a blacksmith shop to have some repairs made to a piece of machinery, and while there, was assaulted and struck on the ear by the defendant. He brings this suit in damages against defendant for humiliation, physical sufferings and for the impairment of his hearing as the result of the battery. The district judge rendered judgment in his favor for $250.00. Defendant appeals.

John Brown and Avenant Manuel were present when plaintiff was thus assaulted by defendant. It is well established by these two witnesses and the plaintiff, that defendant came into the shop, and after engaging in a discussion with plaintiff, about some difficulty that he said had occurred some time prior thereto between plaintiff and George, the defendant's son, and before plaintiff had given any explanation which he offered to do later, was struck by defendant with his closed fist on the ear, as before stated. It is clearly shown that plaintiff had offered no violence whatsoever to defendant, had not made the slightest attempt to strike defendant or inflict bodily harm on him when the latter committed the battery. On the contrary, it is shown that plaintiff before he was struck, asked that the explanation of the quarrel or trouble in question be postponed to a later date when defendant would not be in such an angry mood. Instead of accepting this postponement for an explanation, defendant struck the blow for which he is now called to answer in damages. It is certain that defendant at no time was placed in jeopardy of body or limb by plaintiff, and that he has no ground to be absolved from liability for the battery on the plea of justification. In his brief counsel for defendant says: "I will only briefly say that words may be so provocative so as to destroy all damages which might result from an assault; it is not in justification but in mitigation, and when so used forms a good defense in a civil action". This plea is therefore one in mitigation, and not in justification, and rests on the proposition that the words used in this case were in there nature so provocative that they can legally support a defense absolving the defendant from responsibility for the injury thus inflicted.

In support of this contention defendant's counsel refers us to the case of Massett vs. Keff, 116 La. 1107, 41 South. 330, where the court in the syllabus said:

"He who is in fault, and sues for damages resulting therefrom, can not recover

for the injuries inflicted, although the perpetrator was not justified in law in his conduct."

In the case cited in referring to the plaintiff therein who had suffered the battery, the court said:

"He was therefore the offender and agressor, from the beginning to end."

The evidence shows in this case that defendant proceeded to the shop where plaintiff was quietly conversing with others, and there accosted plaintiff in reference to some trouble which he said had occurred between plaintiff and his son, George, and before plaintiff had the opportunity of making an explanation, while in a sitting posture, defendant struck him a vicious blow on the ear. It is evident from the foregoing facts that plaintiff who is suing in damages for the injuries, was not the offender or aggressor as was found in the case above cited. To the contrary, the proof shows that defendant was the agressor and also the perpetrator of the battery. Clearly, the rule of law invoked by defendant cannot afford him any immunity from liability for this unjustifiable battery. In the case reported in Levy vs. New Orleans Waterworks Co., 38 La. Ann. 26, referred to by counsel for defendant and cited in 116 La. 1107, the court in commenting upon the facts, took occasion to say that the difficulty never would have occurred if plaintiff had not invited it by sending insulting messages to Folks, the defendant. In this case, it can be stated without hesitancy that if defendant had not gone into that blacksmith shop and provoked a discussion about the quarrel referred to, this trouble would not have occurred. Here, defendant did not only bring on the trouble, but without having been menaced in any manner whatever, inflicted the blow. It is impossible to say in a case of this character that the aggressor and also the perpetrator of the battery should be absolved on the theory that the plaintiff was at fault. Defendant's contention is that before he struck plaintiff, the latter told him that the word of his son, George, was not worth that of a negro. These are the provocative words which defendant contends were used by plaintiff, and which he contends, show that he was at fault before the blow was struck, and should entail a rejection of the demand under the rule of law which he claims was enunciated in the case above cited and upon which he relies. John Brown, who says he was near plaintiff when he was struck by defendant, testifies that he could not say that plaintiff had said that he would rather believe a negro than George, defendant's son. He says, something was said about a "nigger" but he could not say that plaintiff had used the language to which counsel for defendant refers.

Avenant Manuel, the son-in-law of defendant, also present at the difficulty, says he did not hear plaintiff use the language in reference to George which defendant would ascribe to plaintiff. Plaintiff's testimony also negatives the idea that he made any such statement in reference to defendant's son. The defendant testified that plaintiff said, before he struck him, that he had rather believe a negro than George, his son. His testimony is outweighed on this point by the testimony of the other witnesses, and if not, leaves this matter much in doubt. As the defendant walked into that shop, deliberately provoked the difficulty, and then, without the slightest attempt having been made by plaintiff to inflict any injury upon his person, struck plaintiff in the manner stated, even if plaintiff did use the language ascribed to him, defendant is not entitled to a dismissal of the demand as contended for by him in this case. He must be held for damages for this unjustifiable battery, thus brought on by his voluntary act.

Plaintiff claims that his hearing was considerably inpaired by this blow which he received on his left ear. The blow drew blood, as the evidence shows, and must have been inflicted with considerable force. It is true plaintiff did not fall from its effects, but this is accounted for by the fact that he was sitting on or near the door sill when he was struck. Much testimony was offered by defendant to show that plaintiff had been suffering with this ear trouble at a time prior to the infliction of this injury. Plaintiff denies this positively, and from the character of the evidence offered by defendant on this issue, we believe, that plaintiff has told the truth on this subject. If it be true, however, that plaintiff had been suffering with this trouble at a time prior to the injury, no doubt, the blow on his ear must have aggravated his sufferings, and the impairment of his hearing. Plaintiff was unquestionably humiliated and experienced considerable annoyance and some physical suffering, as a result of this blow, so unjustifiably inflicted. The lower court allowed him $250.00 damages which we do not find excessive.

Judgment affirmed.