HOLMES ET AL. v. WARREN

(February 17, 1930. Opinion and Decree.)

Woodville & Woodville, of New Orleans, attorneys for plaintiffs, appellants.

John Armstrong, of New Orleans, attorney for defendant, appellee.

JANVIER, J. This suit grows out of an alleged attack made by a golf player upon one of the caddies employed by another player engaged in the same contest. It appears that the defendant, in the course of his game, shot a golf ball which the caddy told him had gone out of bounds, but which, in fact, had not done so, and that the defendant became so enraged with the caddy that he struck him with one of the iron golf clubs. The defendant claims that he was justified in striking the caddy, because the caddy "required disciplining." The record does not show that the caddy had done or said anything sufficiently improper to provoke even the most ungovernable temper, and, in fact, we know of no words which would justify an assault upon a defenseless negro. Fortunately, the injuries were very slight and consisted solely of a slight bruise on the boy's chest, which required him to be treated by a physician some three or four times.

It is contended by defendant's counsel that the doctrine "de minimus non curat lex" is applicable here. We do not think so. It is true, as we have said, that the injuries were very slight, but, nevertheless, they are sufficient to entitle the injured party to recover. Defendant's counsel further contends that the redress for an attack of this kind should be obtained in the criminal courts. Here, again, we differ with counsel. It is quite true that criminal proceedings might have been brought, but that fact in no way interferes with the right to recover in a civil proceeding. Fortunately, as has been said, the injuries were slight. We think $50 sufficient to compensate the boy for his inconvenience and suffering and possible loss of earning capacity for a few days.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there now be judgment in favor of plaintiffs, Gus Holmes and Beatrice Grady, wife of Gus Holmes, for the use and benefit of the minor, William Holmes, and against defendant, James W. Warren, in the sum of $50, with interest from judicial demand, and for all costs.