No. 3943

Second Circuit

———

RAINEY v. MIANO

———

(May 20, 1931. Opinion and Decree.)
(July 14, 1931. Rehearing Refused.)

———

M. C. Redmond and Dhu Thompson, of Monroe, attorneys for plaintiff, appellee.

Joseph S. Guerriero and W. Decker Moore, of Monroe, attorneys for defendant, appellant.

McGREGOR, J. This is a suit for damages growing out of a personal encounter between plaintiff and defendant on November 3, 1929, wherein plaintiff was shot by the defendant. The defendant, Biaggio Miano, is the owner of several rent houses in the city of Monroe. Plaintiff's brother, Sol Cash, rents one side of one of defendant's houses, and on the occasion of the encounter which forms the basis of this suit, the defendant went to the house to collect his rent. Sol Cash was not at home and naturally the defendant endeavored to collect the rent from his wife, Carrie Cash, who was inside the house in her front room. While the conversation had in connection with this effort to collect the rent was taking place inside the house, the plaintiff, Clayton Rainey, a brother of Sol Cash, was sitting in a chair on the front porch and called to the defendant and told him not to fuss at Carrie about the rent, but to wait until her husband should return. He assured him that Sol Cash would be there in a few minutes and that he would then pay the rent. The defendant then left the room, went to the front porch where plaintiff was sitting. Several words were passed by the two and a scuffle had just begun when the defendant, who was armed, drew a pistol and shot the plaintiff and another man who was inside the house. Plaintiff ran away as soon as he was shot and had an acquaintance call an ambulance, and he was carried to a hospital for treatment. As the wound proved to be not so bad, he was dismissed in a day or two and permitted to go to his brother's home to recover from his wound. He has brought this suit for damages in the sum of $5,180 for the injuries he received. The plaintiff has only one leg and uses an artificial limb, which he says cost him $150. In addition to the damages done him physically by the shot in his body, the plaintiff claims that in jumping from the gallery and running away after he was shot he injured his artificial limb to such an extent as to render it useless. On trial in the lower court judgment was rendered in favor of the plaintiff for $300. The defendant has appealed, and the plaintiff has answered the appeal and asks that the judgment be raised to $500.

The evidence in the case is conflicting. It is the contention of the counsel for the defendant that the plaintiff was the aggressor in the difficulty, and that he cannot recover damages for the injury, even though the defendant may have gone too far in his self-defense in shooting him. Counsel are correct in their statement of the law. The case hinges entirely on the question as to whether the plaintiff provoked the difficulty and was the aggressor. There is testimony in the record to substantiate the contentions of both plaintiff and defendant. The trial judge saw and heard all the witnesses and observed their demeanor on the stand, as well as their manner of testifying. We do not find that the evidence in the case justifies us in disturbing the judgment rendered. There is ample evidence to support it, and it should be affirmed.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and it is hereby, affirmed; the defendant to pay all costs of both courts.