## COLLETT v. CITY OF SHREVEPORT et al. (JOHNSON, Intervener).*

### No. 5251.

Court of Appeal of Louisiana. Second Circuit.

June 2, 1936.

Harry V. Booth and Wm. H. Cook, both of Shreveport, for appellant.

*Rehearing denied June 26, 1936.

Jos. H. Jackson, Richard H. Switzer, Cook, Cook & Egan, and Isaac Abramson, all of Shreveport, for appellees.

DREW, Judge.

This case was consolidated with case No. 5250, entitled Mrs. Lou Patterson et al. v. City of Shreveport et al., Thomas B. Carpenter, Intervener, 168 So. 349, for the purpose of trial below.

Relator, Mrs. Heasa M. Collett, and relators, Mrs. Lou Patterson and Frank B. Patterson, all residents of Shreveport, Caddo parish, La., bring this action against B. F. Ray, building inspector, appointed by the commission council of the city of Shreveport, and against the city of Shreveport, alleging that the former relator was the owner and in possession of lot 13, Waverly Place subdivision of the city of Shreveport, Caddo parish, La., and the latter relators were the owners and in possession of the east half of lot 5 and the west 30 feet of lot 6, West Gladstone subdivision; that relator Collett had been informed by B. F. Ray that he, if called upon by the owners of lot 14, Waverly Place, next to and adjoining lot 13 Waverly Place, would issue to such person or persons a permit to construct a building or buildings on said property for use in business and commercial enterprises.

Relators, Lou Patterson and Frank B. Patterson, had been informed that said building inspector would pursue the same course with reference to lots 104 and 105 of the Querbes subdivision of the city of Shreveport, Caddo parish, La., located at the northeast corner of Highland and King's Highway, and in close proximity to relators' home and residence above described.

All relators in both actions then aver that the Honorable Sam S. Caldwell, mayor of the city of Shreveport, and L. C. Blanchard, commissioner of public safety, had also informed them and their attorneys that they would abide by the action of said building inspector in so issuing permits for the purpose aforementioned, and in fact would demand that he do so, if necessary; that the predicate of such action on the part of the building inspector and the city of Shreveport was the fact that the city of Shreveport, by Ordinance No. 51 of 1935, purporting to amend Ordinance No. 100 of 1925, which was the zoning ordinance, had transferred by the former ordinance, amending the latter, lot 14 of Waverly Place subdivision, from residential use, "Zone A," to commercial use, "Zone D"; said ordinance being adopted by the city council on the 13th day of August, 1935.

They attack the validity of Amendatory Ordinance No. 51 of 1935, on the following grounds:

"1. That the ordinance failed to comply with section 4 of Act No. 240 of the General Assembly of the State of Louisiana for the year 1926, because the passage of the ordinance was not preceded by a public meeting pursuant to thirty days' written notice of the time and place of such hearing, publishing it in an official paper of general circulation in the City of Shreveport, Caddo Parish, Louisiana; no written notice whatever being published by the City of Shreveport calling attention to the hearing or hearings with relation to amending Ordinance 100 of 1925.

"2. In the alternative, the said ordinance did not comply with the provisions of section 3 of Act No. 240 of 1926, which act provides that such regulations be made in accordance with a comprehensive plan; to the contrary, that said ordinance was purely a local affair and passed at the request of individuals for the selfish purpose, not in accordance with any plan as comprehended by said Act No. 240 of 1926.

"3. In the further alternative, that the City of Shreveport had not created a Zoning Commission, as required by section 6 of said act; no Board of Adjustment as required by section 7 thereof; no provision made for appeals as required by said act, and that the provisions of said act in general were not complied with, for all of which reasons, relators aver that Ordinance 51 of 1935 was null and void and of no effect."

Relators then aver damage to their property in the event building permits are issued and construction had pursuant thereto of a business character, of a sum giving this court jurisdiction, and their prayer is for judgment against B. F. Ray and the city of Shreveport, declaring null and void and of no effect Ordinance 51 of 1935, and for the issuance of a permanent injunction enjoining defendants and each of them from issuing a permit or causing same to be issued to any person, persons, firm, or corporation applying for such permit with reference to the respective properties.

A temporary restraining order issued and a rule nisi. On the day the rule was set for trial, interventions were filed by A. T. Johnson, owner of lot 14, Waverly Place subdivision, in the relator Collett suit; and by Thomas B. Carpenter, Jr., J. D. and E. M. Hirsch, owners of lots 104 and 105, Querbes subdivision, in the relators Lou Patterson and Frank Patterson suit.

On the trial of the rule, the city of Shreveport filed an exception of nonjoinder to both suits on the proposition that the owners of the respective properties should be made parties defendant. This plea was overruled by the trial court because of the allowance of the interventions of said owners. The city of Shreveport then filed an exception of no cause or right of action to both petitions. A. T. Johnson, intervener and third opponent, filed an exception of no cause or right of action, coupled alternatively with a plea of prematurity to relator Collett's suit.

The exceptions of no cause or right of action of all defendants and interveners were argued, submitted, and sustained by the trial court. From this judgment relators perfected a devolutive appeal to this court.

While we are not favored with a written opinion, it is admitted that the exception of no cause or right of action was sustained by the lower court on two grounds: (1) That the suit was premature, since no building permit had been issued to any of the respective owners of the properties claimed were illegally zoned as commercial; and (2) that Act No. 240 of 1926 did not repeal Act No. 27 of the Legislature of Louisiana for the year 1918, and thus the ordinance under attack was subject to Act No. 27 of 1918, and not Act No. 240 of 1926.

Act No. 27 of 1918 reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana that the municipal authorities of Cities of more than 50,000 inhabitants shall have authority by ordinance to define and regulate the kind, style and manner of construction of buildings and other edifices which may be erected on certain designated streets and thoroughfares and to permit or prohibit the establishment and operation of businesses and trades within designated limits.

"Section 2. Be it further enacted, etc., that it shall be competent for the municipal authorities to enforce the ordinances adopted in pursuance of the provisions of the preceding section, by fine or imprisonment, or both, as now authorized by existing statutes for the enforcement of municipal ordinances.

"Section 3. Be it further enacted, etc., that all laws or parts of laws in conflict with the present set be and the same are hereby repealed."

The city of Shreveport has a population of over 50,000 and, unless this act has been repealed, it is applicable here. Under the above-quoted act, there was no restriction placed upon the municipal authorities of the city of Shreveport as to their right to zone property within its limits and, by doing so, declare that in certain areas there shall be conducted and operated certain businesses and trades. It does not require that before doing this, anything be done other than the passage of an ordinance to that effect.

Act No. 240 of 1926, as indicated by its title, which is as follows: "Authorizing the legislative body of all incorporated cities, towns and villages, for the purposes of promoting health, safety, morals or the general welfare of the community, to regulate and restrict by ordinance the height, number of stories and size of all buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and use of buildings, structures, and land for trade, industry, residence or other purpose; to divide such municipalities into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this act; to regulate and restrict the erection, structural alteration or use of buildings or land therein; to provide for the appointment of a zoning commission; to provide for the adoption of comprehensive zoning plans; to provide for the change of such regulations, restrictions, and boundaries of zones; to provide for a board of adjustment; the taking of testimony and objections and rulings thereon; to provide for the taking of appeals to district courts from the rulings or decisions of the board of adjustment; to provide the method of procedure and for other purposes, and repealing all acts and parts of acts inconsistent with the provisions of this act," provides a comprehensive plan of zoning by the municipal authorities of all incorporated cities, towns, and villages; but the

last section of the act, which is section 12 and headed "Scope of Act," reads as follows: "The provisions of this act shall not repeal or limit the powers delegated to cities of over 50,000 inhabitants by Act 27 of the Legislature of Louisiana of 1918 and are considered only as supplementary thereto."

The language of this section is clear and unambiguous and does not in any manner repeal Act No. 27 of 1918, in so far as said act gives the right to cities of over 50,000 population to declare that certain parts of the city shall be used for business or for residential purposes by the mere passage of an ordinance. The many other rights granted to all cities, towns, and villages by Act No. 240 of 1926, too numerous to mention, are applicable to all cities, towns, and villages, regardless of the population, and that is what we interpret the language of section 12, above quoted, to mean when it says the provisions of the act are supplementary to the provisions granted by Act No. 27 of 1918. In other words, Act No. 240 of 1926 takes away no right granted to cities of over 50,000 population by Act No. 27 of 1918, but grants to them other rights not therein granted. This view, we think, was taken by the Supreme Court in the case of State ex rel. Dema Realty Company v. Jacoby, 168 La. 752, 123 So. 314, 316, in which case the court said: "The contention is also made by defendant that the ordinance is violative of section 29 of article 14 of the Constitution, relative to zoning by municipalities. This contention is apparently based on the fact that the district created by the ordinance is small, and it is urged the section contemplates the zoning of the entire territory of a municipality, and not of small sections thereof, here and there. A similar point was raised in State ex rel. Civello v. City of New Orleans, 154 La. 271, 286, 97 So. 440, 33 A.L.R. 260, and it was there held that the section does not prevent a municipality from creating a limited district. We may also say, in this connection, that Act 240 of 1926 does not prevent the city of New Orleans from creating a district of limited area. That act is supplementary to Act 27 of 1918, which latter clearly authorizes cities containing a population of over 50,000 inhabitants to create districts of such area, and by express provision, the act of 1926 does not limit or repeal the powers granted by the act of 1918. Section 12 of Act 240 of 1926."

If this be true, the city of Shreveport was authorized by Act No. 27 of 1918 to amend Ordinance 100 of 1925 by transferring from residential to commercial use the properties involved herein, and we so find.

The judgment of the lower court sustaining the exception of no right or cause of action is therefore affirmed, with costs.