Plaintiff sues for damages on account of an assault which he claims was made on him by one of defendant's bus drivers as the former was about to board a bus in Baton Rouge on a trip to New Orleans on January 27, 1940. He alleges that he purchased a ticket from Baton Rouge to New Orleans, and when the departure of the 6:15 bus was announced, he walked to the entrance of the bus and was told by the bus driver that he would have to wait for the next bus; that he then asked the bus driver why he could not board the bus as it was not full, whereupon, the bus driver struck him with his fist and knocked him to the floor of the station, and when he attempted to get up, the bus driver struck him violently on the head several times with a blunt instrument which he believes was a ticket puncher, inflicting severe gashes and wounds on his head. He further alleges that his knee was injured, and that the officials of the bus company had him arrested by the police officers of the City of Baton Rouge.
Exceptions were filed by defendant company, which were overruled by the court and are not pressed further in this court. The defendant denies that the bus driver assaulted the plaintiff, but alleges that the plaintiff was intoxicated and provoked the difficulty with the bus driver. The defendant alleges in its answer that when the plaintiff walked up to the bus driver and presented his ticket, he was so intoxicated, or under the influence of drugs, that the driver refused to permit him to board the bus because of his intoxicated condition; that the driver told him that he would have to sober up and catch the next bus, whereupon, plaintiff became abusive and began using loud and profane language in the presence of the passengers on the bus; that plaintiff continued the disturbance, took his coat off and asked the bus driver if he wanted to fight, whereupon plaintiff started fighting, making it necessary for the bus driver to push him away and strike him with the back of his right hand, causing plaintiff to fall to the *Page 657 
ground near the front of the bus where he continued to curse and then attempted to put on his overcoat wrong side out and upside down, during which time the employees of the bus company were trying to quiet him.
The trial judge, in a lengthy and carefully written opinion, discussed and analyzed the facts and reached the conclusion that plaintiff was in a drunken condition and provoked the difficulty with the bus driver. He rendered a judgment in favor of the defendant, dismissing plaintiff's suit, from which judgment the latter has appealed.
We are not favored with a brief in this court by counsel for plaintiff, however, the case was argued by both sides, and we have undertaken to give a thorough and careful study of the record. The conclusion we have reached not only fails to show any error in the findings of the trial judge, but tends to support his findings and confirm the correctness of his conclusions.
The testimony clearly shows that the plaintiff came into the bus station a half hour or so before the time for the bus to leave and purchased a ticket from the ticket agent. From the attitude of plaintiff at the time he purchased the ticket, it appears to us that he was either seeking a difficulty or trying to aggravate the employees of the bus company. His remarks were sarcastic and his conduct provocative. When he approached the entrance to the bus, his conduct must have clearly indicated that he was in a drunken condition and was using unbecoming language, as not only the bus driver, but two or three lady passengers on the bus observed his conduct. The bus driver, therefore, had a perfect right to remonstrate with him, and if necessary, prevent him from getting on the bus where he would have likely become a nuisance to the passengers, or caused a disturbance in the bus. A bus driver, like the conductor of any other common carrier, not only has the duty imposed upon him of not assaulting or injuring his passengers, but he has an equally important duty of protecting the passengers from abuse or the use of indecent and profane language in their presence. The passengers on the bus who had purchased their tickets had as much, or more, right to ride on the bus in a peaceful and orderly manner as did the plaintiff who purchased a ticket for the same purpose.
As stated by the trial judge, the plaintiff testified that the bus driver struck him first, however, he is not supported in this testimony by a single other witness. The plaintiff denies that he ever struck the bus driver, but does admit that he might have talked "smart" to him. He also denies that he was drunk, but admits that he had drunk two bottles of beer a short time before he came to the bus station. His account of the difficulty is that he objected to waiting for the next bus and an argument started between him and the bus driver, whereupon, the latter struck him with his fist and knocked him down, and as he was getting up, he felt something "pop" him in the head two or three times.
The bus driver denies that the plaintiff was struck by him first, but states that the plaintiff was intoxicated and using bad language, and for that reason, he had to refuse him transportation. He says that the plaintiff struck him first, whereupon, he (the bus driver) struck him with his open hand which caused plaintiff to become overbalanced and fall to the ground. He denies that he struck plaintiff as the latter was getting up.
There were three young ladies on the bus who testified that the plaintiff was drunk and was using improper language. They did not see any licks passed, and, of course, could not testify as to who struck the first blow. They did not see any blood on the plaintiff when he got up as he claims that he had on his face.
The bus driver is corroborated in most of his testimony by four other witnesses who were employees of the bus company at the time of the difficulty, but two of whom were not employed by the bus company at the time of the trial. In order for us to hold that the bus driver struck the first blow, we would not only have to disbelieve the testimony of the bus driver, but we would also have to disregard the testimony of several other witnesses who saw a good part of the difficulty. It seems to be the contention of plaintiff that, even if the bus driver was justified in striking him, the force used was too severe and was not necessary in order for the bus driver to discharge his duties. We concede that if the plaintiff was knocked down by the bus driver and then struck in the head several times as he was getting up, such an assault was not only unnecessary, but would make the bus driver criminally liable as well as subjecting his employer to *Page 658 
civil damages. If we felt that such were the facts, we would have no hesitancy in awarding plaintiff damages commensurate with the injuries received by him, but, as already stated, he has failed to prove these facts.
We agree with the trial judge that whatever injuries plaintiff received resulted from his own intoxication and misconduct. He provoked the difficulty and cannot now be heard to assert a claim for damages, even though the bus driver might have been able to discharge his duty by the use of less force, or by pursuing some other course. It is well settled that where a person is at fault in provoking a difficulty and sues for damages resulting therefrom, he cannot recover, although the person who inflicts the injuries on him was not fully justified in law in doing so. Johns v. Brinker, 30 La.Ann. 241 and Massett v. Keff,116 La. 1107, 41 So. 330.
Finding no error in the judgment appealed from, the same is hereby affirmed.
LeBLANC and DORE, JJ., concur.