59 So.2d 718 (1952)
SMITH
v.
PARKER.
No. 7802.
Court of Appeal of Louisiana, Second Circuit.
June 18, 1952.
Stone & Lacour, Shreveport, for appellant.
Campbell & Campbell, Minden, for appellee.
GLADNEY, Judge.
Plaintiff, Ann Lane Smith, instituted this suit under Article 2315 LSA-C.C. to recover damages for injuries alleged to have been received from the defendant, Roy Parker, as a result of an encounter between them in front of the A. & P. store in the City of Minden, Louisiana. After appeal to this court plaintiff died and her husband, Granville Smith, has been properly substituted as the sole heir and representative of the deceased plaintiff, and as such prosecutes this appeal from an unfavorable jury verdict.
*719 The petition alleges that on the late afternoon of October 30, 1950, at about 5:00 o'clock, she was seated in front of the above store in her car which was properly in the space provided for parking; that another automobile immediately behind plaintiff's car was parked in such a position that it prevented petitioner from moving her car into the street when she was ready to depart; that a third car adjacent to petitioner's car was also blocked and the lady driver thereof was blowing her horn in an effort to gain egress from her parking space which was also blocked by defendant's wrongly parked automobile; that defendant came from his automobile and after some words, jerked petitioner out of her car, slapped her face and kicked her without provocation. Petitioner further alleged that she was not well at the time and that by reason of the excitement she became very ill and hysterical, requiring treatment by Dr. Baker for some time afterward.
The defendant by way of answer, admitted that he slapped and kicked plaintiff but contends his acts were provoked by plaintiff getting out of her car and cursing him several times. Defendant prayed for and the case was tried by a jury.
Counsel for plaintiff, before going to trial, filed a motion for judgment on the petition and answer, setting forth that defendant admitted by the answer that he slapped and kicked the plaintiff, and that the only justification pleaded was alleged insulting language by plaintiff which plea of justification raised by defendant was not a valid defense. The judge a quo overruled this motion and his ruling is made the subject of a bill of exception hereafter discussed.
The case was taken up, tried and resulted in judgment in favor of the defendant. From this judgment plaintiff appeals, urging that the trial court committed certain errors which are reflected in bills of exceptions properly reserved.
The first bill of exception is to the ruling on plaintiff's motion for judgment on the pleadings. The motion is predicated on LSA-R.S. 13:3601, (par. 4). This section of the Pleading and Practice Act contains this qualification:
"If, upon consideration of the petition and answer, as above provided, the court shall be of the opinion that the plaintiff is not entitled to judgment, it shall dismiss the rule, and the fixing and trial of the cause shall be proceeded with in the same manner and form as if such rule had not been taken.
"No appeal shall lie from such judgment dismissing such rule."
The motion or rule, therefore, which is the basis for appellant's bill of exception number one, was one over which the trial judge had absolute discretion. From his ruling there is no appeal and this court may not consider the ruling complained of.
In the second bill of exception error is said to lie in the refusal of the trial judge to specially charge the jury as follows:
"The court instructs the jury that the defendant has admitted that he slapped and kicked the plaintiff, and that this is an admission of liability; now therefore, if you find from the evidence that plaintiff sustained an injury as a result of the acts of the defendant, then you must return a verdict in favor of the plaintiff and against the defendant, awarding damages in an amount which you shall determine."
The court declined to give the instruction required, and, in our opinion, the ruling was proper: first, because the requested charge contains a finding of certain facts which is a jury function, and, secondly, the requested charge is not responsive to our Louisiana jurisprudence which in proper circumstances refuses plaintiff damages when he or she is the aggressor in an affray.
The court gave the following which is an excerpt from the whole charge given the jury:
"Members of the jury, this lawsuit, as you have found, is one for damages for personal injuries and the basis for *720 this lawsuit is Article 2315 of the Revised Civil Code of this state which reads so far as it applies here as follows:
"`Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it'.
"I am not permitted by law to comment on the evidence. I can only give you my conception of the law that is applicable in a case of this kind.
"The general rule is that mere words spoken, however much they may be calculated to excite or irritate, do not justify assault and battery although they may be considered in mitigation of damages.
"`There have been read to you and cited to you some exceptions to that, if the person who uttered those words should have known from the character of abuse he was heaping on his opponent a fight would result, then that wouldn't apply.
"There is one case where an employee on board a steamboat, by her own insolence, insubordination, and threats of personal violence, provoked the Captain of the boat into an assault which resulted in trifling injury to the passenger and the passenger was not entitled to recover damages." passenger was not entitled to recover damages.'
By statutory direction the Louisiana courts may only charge a jury on the law applicable to the case and are prohibited from saying anything about the facts, or even recapitulating them so as to exercise any influence on their decision in this respect. C.P. 516. The jury is the judge of both the law and the facts. 16 Tulane Law Review, 425.
The charge sought by appellant was not a correct and full statement of the law as applied by our courts. In the application of tort responsibility under Article 2315, LSA-C.C., which provides that one who is at fault for damage caused is under an obligation to repair it, a plaintiff, who by his or her conduct provokes a difficulty and is the aggressor, thereby forfeits the right of recovery for injuries received as a result thereof. In an effort to determine what conduct constitutes aggression and provocation sufficient to justify a battery in a number of cases it has been said:
"The use of mere words, no matter how calculated the words were to incite and irritate, do not present a defense, though they may serve in mitigation."
See Richardson v. Zuntz, 1874, 26 La. Ann. 313; Munday v. Landry, 1899, 51 La. Ann. 303, 25 So. 66; Bernard v. Kelley, 1907, 118 La. 132, 42 So. 723; Harvey v. Harvey, 1909, 124 La. 595, 50 So. 592; Bonneval v. American Coffee Company, 1910, 127 La. 57, 53 So. 426; Burnecke v. O'Neal, 1916, 139 La. 208, 71 So. 395; Oakes v. H. Weil Baking Company, 1932, 174 La. 770, 141 So. 456; LaFleur v. Dupre, 1924, 1 La.App. 230; Guillory v. Fontenot, 1925, 2 La.App. 189; Holmes v. Warren, 1930, 12 La.App. 399, 126 So. 259; Rainey v. Miano, 1931, 17 La.App. 137, 134 So. 757.
Other decisions clarify the doctrine of "mere words" and hold that a court or jury may properly find in favor of the defendant when the plaintiff is at fault in bringing on the conflict, although the fault may consist solely of verbal abuse. See Finkelstein v. Naihaus, La.App., 1933, 151 So. 686; Walsh v. Schriner, La.App., 1936, 168 So. 345; Landry v. Himel, La.App., 1937, 176 So. 627, 629; Gross v. Great Atlantic & Pacific Tea Company, La.App., 1946, 25 So.2d 837.
In Walsh v. Schriner, supra [La.App., 1936, 168 So. 346], defendant struck plaintiff on the head with a flashlight after plaintiff had called the wife of defendant a "Goddam liar". In deciding that such words were justification enough for the battery committed, the court commented:
"In our opinion, the record clearly indicates that the plaintiff was the aggressor. The testimony preponderates to that effect. It may be that defendant was in an excitable state of mind when he entered plaintiff's room and that he was determined to put him out, perhaps by force if necessary. Whatever his state of mind might have *721 been, however, there is no indication of belligerent or aggressive action until plaintiff applied the epithet to defendant's wife. Perhaps the defendant believed that the raising of the plaintiff's arm was an indication that plaintiff intended to strike him, and, if so, would be justified as a matter of self-defense in striking first, but we do not deem it essential, to exonerate a defendant in an action for damages, that there should have been a belligerent gesture or a blow. It is sufficient, in our opinion, that the plaintiff should have been the aggressor and his aggression may be shown by threats, insults, or abuses, as well as by blows and hostile attitudes.

* * * * * *
"To call a man's wife a `God-dam liar' is an insult considered, we believe, by most men as transcending almost all forms of personal abuse. It is highly provocative, and well calculated to incite violent resentment. One who uses such epithets must intend to start a fight. The fact that his opponent strikes the first blow does not alter his character as the aggressor."
The court found justification for the assault in Landry v. Himel, supra, when the father slapped his daughter after she had used insulting language toward him and raised her hand and threatened him, the court saying:
"Where a plaintiff provokes a difficulty by insults, abuse, threats, or other conduct calculated to arouse resentment or fear on the part of the defendant, the plaintiff cannot recover for an assault and battery, although the defendant may not have been justified in law in his conduct."
See also Fontenelle v. Waguespack, 150 La. 316, 90 So. 662; Herrington v. Magee, 15 La.App. 183, 131 So. 490; Jumonville v. Frey's, Inc., La.App., 173 So. 227; Welch v. Van Valkenburgh, La.App., 189 So. 297; Betz v. Teche Lines, La.App., 7 So.2d 656; Sheppard v. Causey, La.App., 8 So.2d 86; Aetna Casualty & Surety Company v. Cazebon, La.App., 11 So.2d 118; Manuel v. Ardoin, La.App., 16 So.2d 72; Ponthieu v. Coco, La.App., 18 So.2d 351; Bacas v. Laswell, La.App., 22 So.2d 591.
Judge Janvier of the Orleans Court of Appeal in Gross v. Great Atlantic & Pacific Tea Company, supra [La.App., 1946, 25 So.2d 840,] had under consideration the question of who should be considered the aggressor in an affray out of which arose a claim for workmen's compensation. He reached the conclusion that the same rule of law in tort cases should control in a compensation case since the fundamental reason for the rule in both types of cases is the same, saying:
"The reason is that one who uses words or actions which it may be expected will bring about an attempt at retaliation has only himself to blame, if as a result of the attempt at retaliation he, himself, is injured."
After a complete and careful analysis of Louisiana jurisprudence on the subject, he concluded the true rule to be:
"We think, after a consideration of all of these cases, that the Louisiana rule is that provocative words may be pointed to as justification for an assault provided those words were such that under the circumstances it should have been assumed that physical retaliation would be attempted.
"The views expressed by us in Randall v. Ridgley, La.App., 185 So. 632 and in Bacas v. Laswell, La.App., 22 So.2d 591, are consistent with this conclusion."
The ruling in Gross v. Great Atlantic & Pacific Tea Company has been referred to with approval in Jenkins v. Cities Service Refining Corporation, La.App., 44 So. 2d 719 and Conley v. Travelers Insurance Company, La.App., 53 So.2d 681.
We hold, therefore, that the trial court properly refused to submit the requested charge to the jury but left for the determination of the jury the issue of whether the curse words allegedly used by plaintiff were such that under the circumstances it should have been assumed that physical retaliation would be attempted. Our examination of bill of exception number two discloses no error.
*722 In their third bill of exception counsel for appellant incorporate the refusal of the trial court to grant a new trial on the ground that the jury verdict was contrary to the law and evidence in the following particulars:
"1. The defendant admitted in his answer that he slapped and kicked the plaintiff, and admitted on trial of said cause that he slapped and kicked the plaintiff.
"2. There was no testimony of justification sufficient in law presented to the jury upon which it could base a verdict favorable to the defendant; that the only testimony being that plaintiff used abusive and insulting language toward the defendant, which is insufficient in law to constitute a defense or avoid liability."
In order to adjudicate this point we must review the testimony and evidence adduced during the trial in order to determine if the jury verdict was fair and not contrary to the law and the evidence. It is the duty of the courts, whether trial or appellate, to see that justice is done between litigants and where the court believes the verdict is unauthorized and unjust, a new trial should be granted.
The evidence shows that Parker accompanied by his wife and child, parked behind two automobiles on a Minden street in such a manner that neither could reenter the street while his car was so parked. One of the cars thus blocked was that of plaintiff and the other belonged to a third party. Parker entered the grocery store and while therein his attention was attracted by an automobile horn blowing outside. Looking out, he says he saw plaintiff blowing the horn of her automobile. Plaintiff denies that she did this, saying it was the third party above referred to. Plaintiff testified that the defendant came out and removed his car after which he came to her car and advised her not to blow her horn at him. Further testifying, she said Parker re-entered the store and after awhile he again came out with his family and a sack of groceries. She was still there and looking at Parker as he passed and she quotes him as saying: "You don't look at me like that or I'll pull you out of the car." She told him then: "Oh, no, sir, you won't pull me out of no car." It was then, she charges, that defendant pulled her from the car and slapped and kicked her.
Defendant's version is that after he moved his automobile out of plaintiff's way, he secured his groceries and was returning to his car when he passed plaintiff still parked. He says he remarked: "I thought you was in a big hurry to get out", to which plaintiff replied: "You son-of-a-bitch, you, I will leave when I get ready." He testified plaintiff then opened the door, got out of the car and holloed out: "You lay your hand on me, you son-of-a-bitch, you, and I will sue you for everything you are worth." Parker then says that at this point he told her he would stamp her to the concrete and he slapped her with his right hand and kicked her in the buttocks.
The only corroborative testimony offered was in favor of defendant and was given by Mrs. Parker, Nubyn McEachern, Lester Lee and Henry Dalton, three of whom testified they heard plaintiff use the curse words as related by Parker.
In Walsh v. Schriner, supra, the court found that whatever the state of mind the defendant was in there was no indication of belligerent or agressive action until plaintiff applied the epithet to defendant's wife. In the instant case if we accept the seeming preponderance of evidence that plaintiff called defendant what is by traditional designation perhaps the most insulting and provoking of all terms of opprobrium, and to say the least, such an epithet that might be expected to bring about an attempt at retaliation, plaintiff, under our jurisprudence, would not be entitled to recover damages for she is barred by her own wrongdoing. The issue raised by appellant is reduced in its final analysis to an inquiry as to whether the jury was correct in its decision as to who was the aggressor.
In Burkhardt v. City of Monroe, La.App., 37 So.2d 601, 604, the court said:
"Whether or not the deceased was the aggressor in the difficulty, is a *723 question of fact; and since the trial judge who saw and heard the witnesses testify, and the grand jury that investigated the case, resolved this issue against the plaintiff's contentions, unusually strong reasons would have to appear to warrant a decision for the plaintiff. Surely, no manifest error, appears."
It is too well settled to require authority that the burden is on the appellant to show as a basis for reversal that the judgment appealed from is manifestly erroneous.
We have found no error in the verdict and judgment complained of to authorize a reversal. The jury was presented with evidence which, if credible, fully justified the verdict rendered. The jury was, of course, in a much better position to determine the factual issue presented than are we.
In view of our findings it is unnecessary to discuss the injury to plaintiff, but in passing, we note the evidence indicated no serious injury.
It follows from the foregoing reasons that the judgment appealed from is affirmed at appellant's cost.
McINNIS, J., is recused.