53 So.2d 681 (1951)
CONLEY
v.
TRAVELERS INS. CO.
No. 7657.
Court of Appeal of Louisiana. Second Circuit.
June 29, 1951.
Rehearing Denied July 25, 1951.
*682 Thomas B. Wilson, Shreveport, for appellant.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellee.
HARDY, Judge.
This is a claim for compensation in which plaintiff sought to recover for total and permanent disability alleged to have resulted from an accident sustained while in the course and scope of his employment. After trial there was judgment rejecting plaintiff's demands, from which he prosecutes this appeal.
By stipulation plaintiff relinquished his claims for total and permanent disability and limited same to the period from November 25, 1949, to July 21, 1950. It was further stipulated that the weekly compensation rate be fixed at $22.88, the total doctor's bills at $71, and the total hospital bill at $84.75.
Plaintiff alleged that at or about twelve o'clock noon on the 25th day of November, 1949, while in the employ of Friedman Iron and Supply Company he was struck on the head with a heavy piece of iron wielded by a fellow employee, one John Barnett, and that in attempting to avoid the said Barnett he broke his left foot by jumping upon a loose piece of iron.
The defense is succinctly stated in brief of defendant's learned counsel, as follows:
"(a) Plaintiff was intoxicated at time of the incident;
"(b) His intoxication caused him to be mean, abusive and given to using vile and opprobrious language;
"(c) In such condition he cursed John Barnett at 9 or 9:30 A.M. and was warned never to do that again without expecting physical retaliation.
"(d) When he cursed Barnett again during the noon hour, despite this warning, Barnett lost his temper and struck him."
Certain facts pertinent to a determination of the issue presented were conclusively established on trial of the case, which we briefly set forth as follows, to-wit:
Plaintiff reported for work on the date alleged and discovered that a pump required in his operations of threading pipe was not functioning properly; plaintiff's fellow employee, John Barnett, was requested to assist in repairing the pump. In the course of this operation plaintiff cursed Barnett, who thereupon warned plaintiff to desist, further threatening plaintiff that if he persisted in his cursing the said Barnett would resort to physical retaliation; thereafter the parties appear to have amicably resolved their misunderstanding and the incident was terminated. At or about noon, when the employees were punching the time clock upon beginning the lunch hour, plaintiff became involved in another and quite distinct verbal altercation with other employees whom he had requested to drive him to a bank in town, and upon their refusal it appears that plaintiff indiscriminately directed harsh and abusive language toward them; meanwhile, Barnett, who was present but not a party to the described difficulty, was standing toward the side or in the rear of plaintiff with his right hand in a barrel. It is at this point that the facts in connection with further developments are in violent conflict. Plaintiff and certain of his witnesses contend that Barnett pulled a piece of copper tubing from the barrel in which he had thrust his hand and clouted plaintiff over the head, without warning and without provocation, whereupon plaintiff jumped out of the door, landing upon a pile of loose iron and injuring his left foot. On the other hand, and quite to the contrary, Barnett testified that plaintiff cursed him, as a consequence of which he lost his temper and struck plaintiff on the head. This version was verified to some extent by witnesses on behalf *683 of defendant, but we do not find that their testimony is too persuasive, since it is evident that they were not in a position to hear and observe or were not giving serious attention to the developments.
Pretermitting discussion of other ramifications which we feel have no material bearing upon the case, we are confronted with the necessity of resolving the factual issues. There is no question in our minds that plaintiff was either intoxicated, to greater or less degree, or that he was suffering the effects of a distressing hangover as the result of a somewhat prolonged drinking spree which ended at or about 2:00 A.M. on the morning in question. We further have no difficulty in concluding that plaintiff cursed Barnett and used opprobrious epithets upon the occasion of the first difficulty or altercation. We also think that the preponderance of the testimony establishes the fact that Barnett threatened plaintiff with physical retaliation if he resumed his verbal attacks. But we are convinced that there was a definite termination of this incident and a mutual effort at reconciliation to such extent that the subsequent trouble at or about the noon hour was entirely and distinctly removed, in point of time as well as connection, from the early morning fracas. Finally, we think it is established by a preponderance of the testimony that plaintiff did not directly address his rather general castigation of his fellow employees to Barnett at the time of the physical encounter. However this may be, for the reasons hereinafter stated we do not feel that this finding, one way or the other, is determinative of the legal proposition which is presented.
Adverting to the defense of intoxication we observe from brief of defendant's counsel that there is invoked the provision of Section 28 of the Workmen's Compensation Statute, LSA-RS 23:1081 reading as follows: "No compensation shall be allowed for an injury caused (1) by the injured employee's wilful intention to injure himself or to injure another, or (2) by the injured employee's intoxication at the time of the injury * * *."
While we do not think, as we have above observed, that plaintiff's intoxication at the time of the injury was of such degree or extent as would be considered a direct cause of the injury, we further are inclined to eliminate this item of defense on the ground that, in our opinion, the provision refers to intoxication as the proximate cause of an accidental injury arising out of the hazards of the employee's work itself. In other words, for example, we think that in the event an intoxicated employee is injured while operating certain machinery in the course of performing the work of his employment, the defense of intoxication would be both pertinent and conclusive. However, we point out in the instant case, under the facts established, that plaintiff's intoxication, if any, cannot be considered to have been the proximate cause of the attack by his fellow employee and the resulting injury.
In our opinion the crux of the problem presented is to be found in the answer to this question: "Was the plaintiff employee guilty of such words or actions as would be expected to provoke justified physical retaliation by a fellow employee?"
After serious and thorough consideration of the established facts and the law applicable, we feel constrained to answer the question in the negative. We do not find the slightest indication that plaintiff was guilty of any act or threat of physical attack upon Barnett, his fellow employee. The only point therefore which remains for determination is whether the words directed by plaintiff toward Barnett justified physical assault by the latter. Concededly plaintiff was guilty of using harsh, derogatory, opprobrious and profane language toward Barnett, but we think it is well established that mere words, unaccompanied by any physical act or even by a threat of physical violence, are insufficient to be construed as provocation justifying a physical attack. We are strengthened in this conclusion by the clearly established fact that Barnett was the only one who made any threat of physical violence and was the only one guilty of physical violence, and we remain unconvinced, from our study of the testimony, that plaintiff was actually guilty even of a direct verbal attack upon Barnett at the time of the assault. We *684 think the true fact was frankly stated in Barnett's testimony when he declared that he lost his temper. Upon the point of provocation the burden was upon defendant, which burden we think it has failed to discharge.
Apropros to the rule of law here applicable is the case of Keyhea v. Woodard-Walker Lumber Company, La.App., 147 So. 830. Counsel for defendant relies, inter alia, upon the case of Gross v. Great Atlantic & Pacific Tea Company, La.App., 25 So.2d 837, 844. We, too, are of the opinion that this case is sound authority under the facts here involved and we quote in support of this position the following extract from the opinion:
"We conclude that it is well established that in considering whether an accident arises out of and occurs in the course of employment, the statute should be liberally interpreted in favor of the claimant and that recovery should be allowed unless some special defense such as those set forth in Section 28 is clearly established. By such a defense the case is removed from the general rule. In the case at bar the accident can be said to have arisen out of the employment but there can be no recovery because of the effect of Par. 1 of Section 28.
"From the cases which we have discussed, we form the conclusion that mere verbal arguments or verbal provocations, unless they are extremely serious, should not be considered as the commencement of such affrays as this. We think that we should look to the first physical act or the first threat of violence accompanied by an apparent attempt to carry out the threat." (Emphasis by the Court.)
For the reasons set forth the judgment from which appealed is reversed and set aside and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Ira Conley, and against the defendant, Travelers Insurance Company, for compensation at the rate of $22.88 per week from date of November 25, 1949, to date of July 29, 1950, inclusive, together with the total sum of $155.75 for doctor's, hospital and medical expenses, together with all costs.