JANVIER, Judge.
Plaintiff, Murdock T. Richard, Jr., brought this suit for damages for physical injuries resulting from an alleged unprovoked assault made upon him by the defendant, Joseph M. Taulli, and he now appeals from a judgment dismissing his suit.
In his reasons for judgment, the judge a quo stated that he was “of the opinion that the plaintiff was the original offender and aggressor and that he, said plaintiff, provoked the incident.” That is the only question which is involved since it is conceded that the defendant struck the plaintiff in the face and knocked him down and that the plaintiff suffered some physical injury. The defendant contends that the attack was justified because it appeared to him that certain abusive language, which had been used towards him by the plaintiff, was to be followed by a physical attack, and that in order to avoid this, he struck first.
The record shows that the plaintiff and the defendant, in different automobiles, drove into the City of Gretna and that on two occasions only a few 'blocks apart, apparently through the fault of the plaintiff, accidents almost occurred, and that a minute or two later, after the two parties had parked their respective automobiles, the plaintiff began to call to defendant and to abuse him for having almost caused the two accidents which were averted. The record does not show that he used any very strong language or cursed the defendant. He merely asked such questions as, “Do you own the town?” and “Are you the Mayor?” But after asking these questions he followed him for some little time, continuing to abuse him with this rather mild form of criticism.
The defendant states that, as plaintiff got nearer to him, he saw that he had something in his hand and that he feared that the plaintiff was about to strike him, and that he therefore struck the plaintiff and knocked him down. What the plaintiff had in his hand was a bank deposit book with certain payroll records, all composed of paper.
There is no other evidence to the effect that plaintiff gave the' appearance of intending to strike the defendant and yet the trial court appears to have believed this testimony.
The plaintiff was a small man, weighing 135 pounds, whereas the defendant was a rather large man, weighing more than 200 pounds. We cannot say that the trial court was obviously in error in reaching the conclusion that plaintiff’s suit should be dismissed on the ground that he provoked the assault.
It is well settled that mere words cannot justify an assault and therefore if we *786 could conclude that all that the plaintiff did was to ask the defendant whether he owned the town, or whether he was the mayor, the assault would not have been justified, but in view of the finding of the trial court to the contrary, we feel that the evidence does not justify the conclusion that the assault was entirely unprovoked.
In Walsh v. Schriner, La.App., 168 So. 345, we discussed various cases involving somewhat similar assaults, and reached the conclusion that words will not justify an assault unless the words are accompanied by physical actions which warrant the conclusion tha-t an attack is about to be made.
We feel constrained to state that, were it not for the finding of the district judge, we would no doubt have found that there should have been a recovery by plaintiff.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.