ELLIS, Judge.
This is an action for damages claimed to have been sustained by the plaintiff due to an attack upon his person by the defendant, which is allegedly unwarranted. The trial below was had by jury which found in favor of the defendant. A motion for a new trial was refused and the plaintiff has appealed.
The evidence shows that some six or eight months prior to the incident which gave rise to this lawsuit the wife of the defendant was approached by the plaintiff and asked to go on a date with him. The plaintiff had known the wife of the defendant practically all of her life, knew she was married and living with her husband. The defendant’s wife told him of the incident but the plaintiff and defendant did not meet until November 16, 19SS. At that time Maddox, the defendant, saw Davis, the plaintiff, in a cafe and waited outside of the cafe until the plaintiff made an exit therefrom. He put his hand on the plaintiff’s shoulder and stated, “My wife didn’t like what you said to her and I don’t either.” The plaintiff replied, “I don’t give a damn what you like.” The defendant struck the plaintiff and a fight ensued, in which the plaintiff was cut slightly on the forehead. The defendant was charged with simple battery and found guilty in the district court. Then this civil suit was filed for damages.
The plaintiff contends the attack was unwarranted and without provocation while the defendant maintains the plaintiff cannot recover since the words of the plaintiff and his actions constituted a sufficient provocation.
In Smith v. Parker, La.App., 59 So.2d 718, at page 721, we find the rule of law in tort cases to be expressed as follows:
“Judge Janvier of the Orleans Court of Appeal in Gross v. Great Atlantic & Pacific Tea Co., supra (La.App. 1946, 25 So.2d [837] 840) had under consideration the question of who should be considered the aggressor in an affray out of which arose a claim for workmen’s compensation. He reached the conclusion that the same rule of law in tort cases should control in a compensation case since the fundamental reason for the rule in both types of cases is the same, saying:
“ ‘The reason is that one who uses words or actions which it may be expected will bring about an attempt at retaliation has only himself to blame, if as a result of the attempt at retaliation he, himself, is injured.’
*907 “After a complete and careful analysis of Louisiana jurisprudence on the subject, he concluded the true rule to be:
“ ‘We think, after a consideration of all of these cases, that the Louisiana rule is that provocative words may be pointed to as justification for an assault provided those words were such that under the circumstances it should have been assumed that physical retaliation would be attempted.
“ ‘The views expressed by us in. Randall v. Ridgley, La.App., 185 So. 632 and in Bacas v. Laswell, La.App., 22 So.2d 591, are consistent with this conclusion.’
“The ruling in Gross v. Great Atlantic & Pacific Tea Co., La.App., 25 So. 2d 837, has been referred to with approval in Jenkins v. Cities Service Refining Corporation, La.App., 44 So.2d 719 and Conley v. Travelers Insurance Co., La.App., 53 So.2d 681.”
Robertson v. Palmer, La.App., 74 So.2d 408, at page 410, expresses our opinion upon this point as:
“It is well established, as the jurisprudence of this state, that a plaintiff cannot recover civil damages if it is shown that such plaintiff has been at fault in provoking the difficulty in which the injury is received. Where a plaintiff provokes a difficulty by insults, abuse, threats, or other conduct calculated to arouse resentment or fear on the part of the defendant, the plaintiff cannot recover although the defendant may not have been justified in law in his conduct. See Massett v. Keff, 116 La. 1107, 41 So. 330; Miller v. Meche, 111 La. 143, 35 So. 491; Welch v. Van Valkenburgh, La.App., 189 So. 297; Ponthieu v. Coco, La. App., 18 So.2d 351; McCurdy v. City Cab Co., La.App., 32 So.2d 720; Smith v. Clemmons, La.App., 48 So.2d 813.”
This same rule was similarly stated in Cater v. Travelers Insurance Co., La.App., 83 So.2d 514, at page 516. There we find:
“ * * * The general rule in tort cases is that a plaintiff may recover in an action for an assault and battery committed upon him without legal excuse, unless he provoked the difficulty by conduct calculated to arouse the resentment or fears of the defendant. See: Smith v. Bankston, La.App.1954, 75 So.2d 880-882, and authorities cited therein. In Smith v. Parker, La.App. 1952, 59 So.2d 718, this court recognized the rule to be in Louisiana that provocative words alone may be pointed to as justification for a battery, provided these words were such that under the circumstances it should reasonably be expected to produce physical retaliation.”
Also, to the same effect, see Purnell v. Jackson, La.App., 91 So.2d 67, at page 68. There we stated the rule to be as found in the above cited cases, and found that whether a person assaulted provoked the difficulty so as to be precluded from damages inflicted upon him, depends upon the peculiar facts of each case.
The District Court instructed the jury herein as follows:
“It is well established, as the jurisprudence of this State, that a plaintiff cannot recover civil damages if it is shown that such plaintiff has been in fault at provoking the difficulty in which the injury is received. Where a plaintiff provokes a difficulty by insult, abuse, threat or other conduct calculated to arouse resentment or fear on the part of the defendant the plaintiff cannot recover although the defendant may not have been justified in law in his conduct.”
Following these instructions the jury found in favor of the defendant and as its conclusions are factual findings based upon the benefit of seeing and hearing the witnesses, we deem the jury to have been in *908 a better position to judge credibility, and fail to find anything in the record which would show its findings to be incorrect.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed.