LANDRY, Judge.
This matter might well be entitled “The Frasca Fracas” inasmuch as defendant herein, Benjamin Frasca, is appealing from the adverse judgment of the trial court awarding plaintiff-appellee Arthur Aze-vedo damages in the sum of $365 for personal injuries and medical expense sustained and incurred as the result of an assault upon the person of plaintiff by defendant in the latter's office in the City of Baton Rouge, at or about 4:30 P.M., January 22, 1958.
Appellant complains the learned trial court erred (1) in precluding testimony of plaintiff’s alleged history of prior similar difficulties with former employers; (2) awarding damages to plaintiff despite the *275 preponderance of the evidence to the effect plaintiff provoked the assault and (3) alternatively, the award of damages in the sum of $350 for personal injuries is excessive and should be reduced.
The contention of learned counsel for appellant that the trial court erred in excluding evidence of plaintiff’s alleged history of difficulty with previous employers is without merit or foundation in the record. The only offering of such testimony by defendant is to be found on pages 69 and 70 of the transcript wherein it appears that counsel for defendant upon cross examination of plaintiff sought to elicit from plaintiff testimony regarding alleged similar difficulties in the State of California whereupon the trial judge remarked :
“The Court: Well, now Mr. Barnes, I know you’ve got the man on cross examination, but let’s get back to Louisiana and most specifically to Baton Rouge.
“Mr. Barnes: All right, sir.”
The record in this case is devoid of any objection upon the part of counsel for defendant to the alleged erroneous action of the trial court. On the contrary, the transcript reflects that not only did learned counsel not object to the conduct of which he now complains but that he also assented thereto. Under such circumstances counsel has waived whatever rights he may otherwise have had with regard to the matter. The error, if any was upon the part of counsel for appellant in failing to timely and properly object to the ruling of the trial court of which he now seeks to complain.
The law of this state is settled to the effect that one who provokes an assault is denied recovery for injuries sustained as a result thereof. Ogden v. Thomas, La.App., 41 So.2d 717; Allison v. Ivy, La.App., 85 So.2d 332; Purnell v. Jackson, La.App., 91 So.2d 67. It is equally well settled that to bar recovery in such cases provocation need not necessarily be by a blow rendered by the injured plaintiff but may consist of insults, abuse, threats or other conduct calculated to arouse resentment or fear on the part of a reasonably prudent individual. Brown v. Lambert, La.App., 71 So.2d 410. The jurisprudence of this state also holds that provocative words may justify an assault provided the words are of such nature and spoken under circumstances such that it should have been assumed and expected they would induce physical retaliation. Britt v. Merritt, La.App., 45 So.2d 902.
Counsel for the respective litigants agree with the foregoing pronouncements it being defendant’s contention the record clearly indicates plaintiff provoked the assault and is therefore barred from recovery herein, whereas, plaintiff denies any provocative words or actions on his part.
Provocation being a question of fact, it is manifest each such case must be decided in the light of its own circumstances.
The evidence shows that on the afternoon in question, plaintiff (an apprentice plumber in the employ of defendant whose business is that of plumbing contractor) with several other employees were summoned into defendant’s private office for instructions concerning a certain project on which said employees were engaged. Defendant, seated at his desk proceeded to inform the assembled employees the project on which they were employed was “lagging” and that because of complaints registered by the prime contractor, plaintiff and the others would have to work the next day (Saturday) but at straight time as defendant could not afford to pay overtime wages.
The events which transpired thereafter are, of course, in dispute but not to the extent that might ordinarily be expected in a matter of this nature.
■ Plaintiff’s version of the affray (in which he is corroborated by the testimony of a *276 co-worker, David D. Day) is that upon defendant informing the employees present he would expect them to work overtime for .straight time pay, plaintiff stated he could not do so because of economic reasons and further because such an arrangement would be a violation of union rules and regulations. Defendant thereupon asked plaintiff if plaintiff were satisfied with the wages he was receiving to which plaintiff responded he was satisfied with what he was being paid for 40 hours work per week but would not be satisfied with regular wages for overtime work. Defendant then requested plaintiff to leave at which juncture, plaintiff asked for his wages and after having been again admonished by defendant to leave, started toward the door. As plaintiff was leaving the office, defendant grabbed plaintiff by the back of his neck, struck plaintiff and pushed or shoved him down, the two men falling over a heater. Oscar Moran, a fellow worker, separated the combatants following which plaintiff left the building. Plaintiff testified his back was turned to defendant when the latter assaulted him, an assertion which is denied by defendant.
Defendant testified he called plaintiff and several other employees into his office, requested them to work the next day at straight time but made it clear that no one would be compelled to do so. Plaintiff then stated he would not work unless he received overtime pay, following which an argument ensued between plaintiff and defendant in which plaintiff stated no one would work the next day. Defendant then requested plaintiff to leave and plaintiff stated he would not leave unless defendant fired him. According to defendant, he then discharged plaintiff and again requested plaintiff to leave but plaintiff declined unless he were paid his wages. Defendant then instructed plaintiff to draw his wages from the cashier but plaintiff refused stating that he would not move until his check were handed to him. Defendant again requested plaintiff to leave and upon plaintiff again refusing, he then attempted to eject plaintiff bodily from the room. Defendant denied that he struck or assaulted plaintiff while his back was turned, stating merely that he grabbed plaintiff by the arm and in the melee which followed they both fell to the floor.
Oscar Moran, an employee of defendant, testified in substance that upon defendant requesting his employees to work overtime for regular wages, plaintiff stated he would not work overtime unless he received overtime pay. An argument followed in which defendant informed plaintiff that plaintiff did not have to work unless he wished to at which point defendant asked plaintiff to leave and upon plaintiff refusing, defendant repeated the request two or three times. Plaintiff then asked defendant if he were fired and if so, plaintiff would like his pay. While plaintiff and defendant were talking, defendant again requested plaintiff to leave and at the same time took hold of plaintiff’s arm at which point plaintiff and defendant fell to the floor and were separated by Moran. Moran further stated that neither of the two men used any profanity whatsoever and he did not see defendant strike plaintiff a blow.
The remaining witness to the altercation, Dallas Smith, an employee of defendant, testified substantially to the same effect as did defendant Frasca.
Officer John B. Devall, a member of the Baton Rouge City Police Department, who was summoned to the scene following the altercation, testified without contradiction that upon investigating the matter, defendant told him that plaintiff and defendant had been engaged in an argument during the course of which defendant became angry and on the spur of the moment struck plaintiff in the mouth with the back of his hand.
Obviously the trial court resolved this factual issue in favor of plaintiff and in so doing, under no stretch of the imagination could we find such a ruling manifestly erroneous. The learned trial judge *277 undoubtedly accepted plaintiff’s version of the incident in question and predicated upon the evidence of record, we are in agreement therewith. Unquestionably, if the assault occurred as plaintiff testified, there was no provocation sufficient to bar plaintiff’s recovery for the injuries received. Moreover, the evidence related by defendant’s witness Moran convinces this court (as it undoubtedly did the trial court) that plaintiff’s conduct on the occasion was not as provocative as defendant would have the court believe. Indeed, it strikes us that even if the incident occurred as defendant related, it is highly questionable whether the conduct of plaintiff on said occasion would have justified the assault. The record is barren of any evidence that plaintiff cursed defendant or threatened him with bodily harm. Plaintiff’s refusal to work overtime for regular wages coupled with his refusal to leave defendant’s office upon request (as testified by defendant) without the use of profanity or threats would not, in our opinion, either justify an assault or preclude plaintiff’s recovery for injuries received as the result of an assault prompted by such conduct.
The provocation which the law contemplates in such instances must be substantial and somewhat more abusive, menacing or threatening than the conduct of plaintiff herein on the occasion in question.
 On the issue of quantum, the testimony of Dr. F. A. Dejean appearing in the record indicates that he saw plaintiff the day following plaintiff’s injury at which time plaintiff was complaining of having been struck in the face. Examination revealed a contusion to plaintiff’s right upper chest, a small brush burn on plaintiff’s right ear and a minor laceration of plaintiff’s upper lip. In addition, he noted two teeth broken on plaintiff’s upper dental plate. He again saw plaintiff four days later at which time plaintiff complained of general aches and pains, numbness of the face and nausea. Although Dr. Dejean saw plaintiff on several subsequent occasions, he was of the opinion that all injuries occasioned by the assault disappeared and were healed approximately one week following the altercation. As indicated by the injuries described, he was of the opinion plaintiff’s injuries were minor. Considering the nature, extent, and duration of plaintiff’s injuries as hereinabove set forth, we consider that the award of $350 made by the learned trial court was neither excessive nor inadequate. The sum of $15 awarded plaintiff for medical expense was proper considering the evidence showed plaintiff incurred medical expense in said amount in treatment of the injuries inflicted by defendant.
Judgment affirmed.