EARL EDWARDS, Judge ad hoc.
The plaintiff seeks damages against the defendant for injuries he sustained in an alleged unprovoked assault and battery committed upon him by the defendant. The incident took place in the City of New Orleans, on May 15, 1959. The plaintiff suffered an injury to his knee, necessitating surgery, for a torn anterior cruciate ligament, a torn medial collateral ligament, and removal of the medial meniscus. Plaintiff was laid up some five months, and according to his attending physician, has a 25% loss of use of the lower leg, which will be permanent. He claims the total sum of TWENTY-FOUR TPIOUSAND, NINE-HUNDRED TWENTY-SEVEN AND 40/100 ($24,927.40) DOLLARS for his damages, consisting of loss of wages, pain and suffering, permanent partial disability and expense.
In the District Court below, the judge denied plaintiff’s right to recover, stating in substance, that he did not believe plaintiff’s version of the altercation. We quote from the judge below:
“According to the testimony of plaintiff, he was struck * * * he did nothing and he waited for this defendant to butt him and knock him off his porch, and that as he was falling, he grabbed the defendant and pulled him down; that testimony does not ring true in accordance with the Court’s experiences, for men in their natural state do not respond to a blow by standing there and letting themselves get butted around.”
From this adverse decision, the plaintiff has prosecuted this appeal. The issue before this Court is one of fact only. Plaintiff-appellant contends that the Court below committed manifest error in resolving the *786 facts, and defendant-appellee contends that there is a dispute in the facts; that the trial judge found for the defendant; that these findings are supported by the evidence and should not be disturbed on this appeal.
The defendant in this case, was plaintiff’s tenant. He occupied one half of a duplex house owned by plaintiff at 227 South Gay-oso Street, City of New Orleans. The altercation between the parties occurred about 10:45 P.M. on plaintiff’s porch on May 15, 1959.
The defendant admits having gone to plaintiff’s at that late hour, after having returned from a Union meeting. Pie states that when he returned, his wife told him something about Mr. Hall, the plaintiff, having “run the children off the sand again,” and he had gone to talk to the Halls to tell them that he would correct his own children and complaints regarding them should be made to him or to his wife.
Apparently, plaintiff had been having some walks and driveways concreted and sand for the job had been piled up in front of defendant’s half of the house. Defendant’s children had played in this sand and possibly this had caused the plaintiff to tell defendant’s children to get out of the sand, although this is denied. At any rate, defendant testified that his little boy had been called a “red head brat” by the plaintiff, and when his wife told him that the children had been run off the sand again, he decided it was a good time to go talk things over, and he went for that purpose.
Mrs. Hall answered the door when he came. She testified that he was intoxicated, belligerent and vociferous. She testified that when she asked what he wanted, he answered that he, White, did not like the way “you-people do business around here.” He then added, she testified, that Mr. Hall stole his sand. She answered that it was her husband’s sand, that he had bought it and paid for it. Then he said that he wanted to talk to Mr. Hall and not to her. Thereupon, while he waited outside the door, she called her husband, who had already retired to bed, upstairs. Mr. Hall then came down and went to the door, in a robe, stepping outside the door on his porch to talk to White. Up to this point, the testimony is uncontradicted except for the testimony of Mrs. Hall that White was intoxicated, which was denied by White.
Mrs. Hall stood in the door as her husband and White talked, just outside the door. She and her husband testified that White again told her husband that he did not like the way “you-people do business around here.” An argument between the two ensued, and plaintiff and his wife testified, that defendant became so provoked that he struck plaintiff on the chest with his fist. Defendant on the other hand contends that plaintiff struck him first, on his chest, after he had told him, defendant, to take off his glasses. Who struck the first blow and provoked the altercation is the main point at issue.
Under the well settled jurisprudence, if plaintiff struck first, without provocation, according to the majority rule, he provoked the fight and he would be barred from recovery. The Louisiana jurisprudence on assault and battery cases is fully reviewed in Smith v. Parker, La.App., 59 So.2d 718. That decision does point out and accepts with approval, that words only may be provocative and be sufficient to justify an assault and battery upon a person. We quote from the decision:
“We think, after a consideration of all these cases, that the Louisiana rule is that provocative words may be pointed to as justification for an assault provided those words were such that under the circumstances it should have been assumed that physical retaliation would be attempted.”
In Walsh v. Schriner, La.App., 168 So. 345, the Orleans Court of Appeal held that a defendant was justified in his assault upon plaintiff, when plaintiff had stated that defendant’s wife was a “-liar.” The defendant was exonerated for the assault, the upper Court reversing a judgment *787 of the District Court. See also, Davis v. Maddox, La.App., 100 So.2d 905; Dittmann v. Long, La.App., 114 So.2d 44; Azevedo v. Frasca, La.App., 128 So.2d 274; Haydel v. Bullinger, La.App., 128 So.2d 441.
The Court below, in this case, apparently disbelieved the plaintiff and for that reason decided the case against him.
It is the opinion of this Court that the District Judge failed to give consideration to other material facts in the case, which show that defendant was the aggressor from the beginning, that he provoked the affray, and therefore he erred in resolving the case in favor of defendant.
First and admittedly, it was the defendant who sought the plaintiff. He went to plaintiff’s door about 10:45 P.M., and got him out of bed, certainly an unreasonable hour, so he could give vent to his anger, when he learned from his wife that plaintiff had run his children out of the sand again. Fie was belligerent with petitioner’s wife, and was that way with plaintiff too. No doubt, he was provoked and quite angry since he used the language that he did. Fie admitted he was not exactly pleased (Note of evidence, P-62). He didn’t like the way “you--people do business around here.” Of course, he testified that he went there very calmly and did not use such language. Flowever, this Court takes the view that his going to plaintiff’s door, at that hour of the night, and insisting that he wanted to talk to plaintiff about the matter, belies his statement that he was calm and not angry. This Court feels, too, that if he was not intoxicated as testified to by plaintiff's wife, he probably had a few drinks and was at least under the influence of intoxicants. On the trial, he, defendant, denied that he was drinking. Fie proudly admitted, however, that he did drink at times. (Transcript, P-Sl).
Mrs. Hall testified that he, the defendant, had come to her home the very next morning ; that he came to say how sorry he was; that he had cried; that he had offered THIRTY AND NO/100 ($30.00) DOLLARS, which he had in his billfold, “all he had,” to help; (Transcript, P-31). Fie admitted that he had a few drinks the night before (Transcript, P-34) and was mad at one of the men on the job. It is hard for this Court to believe, if plaintiff was the agressor, as defendant states, that he, defendant, would have gone to her house the next morning and made these declarations and apologies. It is the Court’s feeling that the following morning he was sober and remorseful for what he had done the night before, and that it was his conscience that prompted him to go make his apologies to Mrs. Hall. Quite significantly, he, defendant, admitted he went there the next morning “to ask for his glasses,” and at that time he said he was sorry. Significantly, too, the defendant denies only that he was crying that next morning. He did not deny saying that he had had a few drinks or that he had offered $30.00 from his billfold to help with the expenses or that he would pay for it if it took the rest of his life’s work to do so. This testimony was given by Mrs. Hall and by her daughter who was there and heard the conversation.
Mrs. Hall testified that when her husband came to the porch, he at all times was trying to appease and calm Mr. White; White admitted he, Hall, had his robe on; Mr. & Mrs. Hall state positively that White struck first. When we consider the testimony, together with White’s behavior the following morning, we are forced to the conclusion that White struck first. We believe, too, that he also provoked the difficulty by his words, “you-people.” Mrs. Flail, on page 39 of the transcript, testified that Mrs. White had gone to her house also, and stated she did not know what got into her husband, and they would do right by them. Again we feel that Mr. White felt that he had wronged Mr. Hall. Mrs. White, when she testified, did not contradict Mrs. Flail on that testimony either. While it is true that Mrs. Hall admitted her husband had told White to take his glasses off if he wanted to fight, she said that this was after *788 White struck him the first time. (Transcript, P-39.) That instead, White put his head down and butted him off the porch. She was most emphatic in her testimony about seeing the whole affair, stating on the above page, “So help me Jesus Christ, my husband never laid a hand on Mr. White.”
This Court feels that the evidence preponderates in favor of plaintiff and that the Court below manifestly erred in not giving consideration to the above facts. We believe that plaintiff is entitled to' judgment and the quantum should be fixed by this ■Court.
In the case of Cerneglia v. Fratello, 144 La. 795, 81 So. 318, a jury verdict in favor of the defendant, in an assault and battery case, was reversed by the Supreme Court, on the facts in the record, and judgment was given to plaintiff on appeal.
There is no doubt that plaintiff was seriously injured. He was laid up for five months and unable to work during that time. He was earning $750.00 per month at the time as a railway fireman. He received a sick-benefit of $404.00 per month from the railroad, while he was laid up. There was still a net loss to him of $346.00 per month for five months or a total of $1730.00. In addition, plaintiff expendéd the total sum of $702.90 in hospital bills for his confinement; paid the sum of $119.00 for special nurses; and $43.68 for drugs and a wheel chair rental. We believe that he is entitled to recover these items also, as part of his damages. We believe that plaintiff is entitled to recover the last items despite the fact that his insurance, which he carried, paid for a part of these items. He was paying $7.80 per month for hospitalization and medical insurance, but that insurance was paid for by him monthly. He can recover the full amount despite partial reimbursement from that source. United Gas Corp. v. Guillory, 5 Cir., 207 F.2d 308; Dumas v. Fidelity and Guaranty Co., La.App., 125 So.2d 12; deRoode v. Jahncke Service Insurance Co., La.App., 52 So.2d 736; Distefano v. Delta Fire and Casualty Co., La.App., 98 So.2d 310-313. In addition, plaintiff claims $5,000.00 for pain and suffering and $25,000.00 for permanent partial disability. While his doctor says that plaintiff has a 25'% disability in the lower leg, apparently he was able to resume his former employment. We allow for his disability and pain and suffering, the sum of $5,000.00. This, in our opinion, entitles plaintiff to recover from defendant, the total sum of SEVENTY-FIVE HUNDRED NINETY-FIVE AND 58/100 ($7,595.58) DOLLARS, with legal interest thereon from date of judicial demand until paid, and all the costs of suit, including the costs of this appeal.
Reversed and rendered.