272 So.2d 313 (1973)
John B. MORNEAU
v.
The AMERICAN OIL COMPANY et al.
No. 52139.
Supreme Court of Louisiana.
January 15, 1973.
*314 John B. Morneau, pro se.
Cook, Clark, Egan, Yancey & King, Gordon E. Rountree, Bodenheimer, Jones, Klotz & Simmons, G. M. Bodenheimer, Jr., Blanchard, Walker, O'Quin & Roberts, Joseph W. Milner, Shreveport, for defendants-respondents.
BARHAM, Justice.
This is a suit for recovery of property damages and damages for personal injuries resulting from an incident at a gasoline service station in Shreveport. While recovery for these damages is based upon "fault" under Civil Code Article 2315, the personal damages are the result of an alleged battery and the property damages are the result of alleged negligent workmanship.
The plaintiff Morneau brought his automobile into the service station operated by the defendant Watkins to have the oil changed with a special blend that had been previously ordered for Morneau by Watkins. After warning Watkins of the care necessary to properly position the automobile on the hydraulic lift to avoid body damage, Morneau went into the sales office adjoining the work bay to wait. Mrs. Watkins was also in the sales office. A short time later Watkins came into the office to tell Morneau that the drain plug in the oil pan was damaged and could be removed only by using a cold chisel and a hammer. Morneau became upset at the faulty work that had been done on his car at some other time by someone else, but told Watkins to take the plug out as best he could. Morneau then went to a nearby automobile parts shop for something to use as a plug. He returned with gasket paper and went back into the sales office. The oil was drained from the car and the plug put back with the aid of the gasket paper. When Morneau returned to the work bay area, he looked up at the undercarriage of the car and notice indentations in the flooring on either side of the car. Morneau, already upset because of the damaged plug, called Watkins' attention to the flooring and demanded that he fix it. When Watkins denied having caused the damage and refused to assume responsibility for its repair, Morneau told Watkins *315 that he would take the matter to court. After a telephone conversation, Morneau returned to the car, and a verbal argument broke out between him and Watkins which resulted in a scuffle.
During the argument Morneau used the phrase "God damn", to which Watkins replied that he did not want profanity spoken in front of his wife. Morneau countered by saying that Mrs. Watkins heard worse every day from Mr. Watkins. In response to this remark Watkins slapped or hit Morneau, and the scuffle between the two ensued. During the course of the fight Morneau sustained the physical damages of which he complains, a fracture through the distal shaft of the metacarpal of the first finger of the right hand and general bruises and contusions.
This suit was filed against Watkins, d/b/a Watkins American Service; his insurer, Traders & General Insurance Company;[1] Curtis Parker Oil Company, Inc., and American Oil Company, for the property and personal damages that resulted from the incident. American Oil reconveyed against Morneau for sums alleged to be due it for charges made by Morneau on the credit card issued to him by American Oil. The trial court dismissed Morneau's suit against all of the defendants, but allowed the reconventional demand of American Oil Company against Morneau. On appeal the judgment was affirmed. 255 So.2d 835.
The Court of Appeal found that the use of the expression "God damn" in front of Mrs. Watkins, the request that Morneau refrain from using such language, and his response were sufficient provocation to justify the physical assault by Watkins. It held that this provocation by words which Morneau should have known would arouse resentment and possible physical retaliation barred his right to recovery. No mention was made of the property damage to Morneau's automobile.[2]
We granted this writ primarily because, contrary to earlier Supreme Court decisions, a number of Court of Appeal decisions have followed a rule of law that words constitute provocation which excuses a battery. This court announced in Richardson v. Zuntz, 26 La.Ann. 313 (1874), that mere words, no matter how calculatedly they were used to excite or irritate, cannot justify a battery. Provocation by words, however, can be considered in mitigation of damages although rejected as justification for an unlawful act. This rule was established in a line of cases.[3] In more recent cases, however, numerous Court of Appeal decisions have recognized as our rule of law that words alone can constitute provocation to excuse or justify what would otherwise be an unlawful act.[4]
*316 We conclude that the courts below erred in considering mere words as justification for a battery. The rule of law earlier adopted and followed by our court has even more merit today. The deviations in the holdings of the Courts of Appeal not only are contrary to those pronouncements but are contrary to the majority rule in this country. Moreover, they run contrary to our system of justice under law which commands the use of judicial process rather than force for the settling of disputes. We reiterate the holding of Richardson v. Zuntz, supra, that mere words, even though designed to excite or irritate, cannot excuse a battery.
Applying the rule of law that words which are calculated to provoke and arouse to the point of physical retaliation may mitigate the damages in a civil action, we find the words used here, in the context of this incident, are insufficient to merit any mitigation of damages. We therefore hold that Morneau is entitled to full compensation for any damages suffered as a result of the battery committed by the defendant Watkins. Morneau's injuries were minimal. His medical expenses were $59.00, and he should also be awarded $250.00 for pain and suffering. Morneau is also entitled to recover for the physical damage caused by the negligent work on his automobile in the amount of $43.26. American Oil is entitled to full recovery on the open account under its reconventional demand.
Morneau has argued at length that the defendant James K. Watkins d/b/a Watkins American Service was a servant of Curtis Parker Oil Company, Inc., and American Oil Company. We find that Watkins was simply a lessee of Curtis Parker, and that Curtis Parker and American Oil were mere jobbers selling wholesale or on consignment through Watkins. There is no merit to Morneau's claim against any of the defendants except Watkins. See Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968).
For the reasons assigned the judgment of the Court of Appeal is reversed insofar as it denied recovery to the plaintiff John Morneau against James K. Watkins d/b/a Watkins American Service. Plaintiff is awarded $352.26 against that defendant. The plaintiff John Morneau is cast for one-half of all costs of court, and the defendant James K. Watkins d/b/a Watkins American Service is cast for one-half of all costs of court. In all other respects the judgment of the Court of Appeal is affirmed.
NOTES
[1] Traders & General Insurance Company was dismissed from this suit on its motion for summary judgment. Since no appeal was taken from the judgment, that matter is now final, and Traders & General is no longer a party to this suit.
[2] The district court also failed to consider these property damages in its reasons for judgment.
[3] Munday v. Landry, 51 La.Ann. 303, 25 So. 66 (1899); Bernard v. Kelley, 118 La. 132, 42 So. 723 (1907); Harvey v. Harvey, 124 La. 595, 50 So. 592 (1909); McVay v. Ellis, 148 La. 247, 86 So. 783 (1921); Guillory v. Fontenot, 2 La.App. 189 (1st Cir. 1925); Chisholm v. DeFrances, 27 So.2d 467 (La.App. 1st Cir. 1946); Starnes v. Monsour's No. 4, 30 So.2d 135 (La.App.2nd Cir. 1947); Broussard v. Citizen, 44 So.2d 347 (La. App.1st Cir. 1950); Conley v. Travelers Ins. Co., 53 So.2d 681 (La.App. 2nd Cir. 1951): Richard v. Tauli, 57 So.2d 785 (La.App. Orl.App.1952); Wells v. Perkins, 101 So.2d 740 (La.App.1st Cir. 1958). See also 6 Am.Jur.2d Assault and Battery § 151; 6 C.J.S. Assault and Battery § 17.
[4] Finkelstein v. Naihaus, 151 So. 686 (La. App. Orl.App.1933); Walsh v. Schriner, 168 So. 345 (La.App. Orl.App.1936); Jumonville v. Frey's Inc., 173 So. 227 (Orl.App.1937): Landry v. Himel, 176 So. 627 (La.App.1st Cir. 1937); Aetna Casualty & Surety Co. v. Cazebon, 11 So. 2d 118 (La.App. Orl.App.1942); Manuel v. Ardoin, 16 So.2d 72 (La.App. 1st Cir. 1943); Gross v. Great Atlantic & Pacific Tea Co., 25 So.2d 837 (La.App. Orl.App.1946); Smith v. Parker. 59 So. 2d 718 (La.App.2nd Cir. 1952); Brown v. Lambert, 71 So.2d 410 (La.App.1st Cir. 1954); Robertson v. Palmer, 74 So. 2d 408 (La.App.1st Cir. 1954); Cater v. Travelers Insurance Company, 83 So. 2d 514 (La.App. 2nd Cir. 1955); Davis v. Maddox, 100 So.2d 905 (La.App. 1st Cir. 1958); Dittmann v. Long, 114 So.2d 44 (La.App. 1st Cir. 1959); Azevedo v. Frasca, 128 So.2d 274 (La.App. 1st Cir. 1961); Moore v. Travelers Insurance Company, 143 So.2d 256 (La.App. 1st Cir. 1962); Hall v. White, 145 So.2d 784 (La.App. 4th Cir. 1962); Baughman v. Wells, 171 So.2d 759 (La.App. 2nd Cir. 1965); Johnson v. Princeville Canning Co., 205 So.2d 449 (La.App. 1st Cir. 1967); Weaver v. Hanks, 224 So.2d 826 (La.App. 4th Cir. 1969); Terito v. McAndrew, 246 So.2d 235 (La.App. 1st Cir. 1971).