LOTTINGER, Judge.
This is an action ex delicto by Mark S. Matthews against Sno’s Seafood & Steak House, Inc. (Sno’s) and its insurer, Charter Oak Fire Insurance Company, James N. Sheets, Neil Sheets and Blaine Sheets. Plaintiff contends that Neil Sheets was the aggressor in an altercation, that occurred at Sno’s, whereas defendant, Neil Sheets, argues that his actions were justified based on the provocations of the plaintiff. The Trial Judge found that plaintiff provoked the fight, and that Neil Sheets did not use excessive force. Plaintiff has appealed.
The facts relating to the events preceding the fight are undisputed. On the night of April 12, 1975, .plaintiff attended a private party at Sno’s. During the party plaintiff purchased two drinks, and feeling the prices to be expensive left Sno’s to purchase a bottle of liquor from a package liquor store. Upon reentering Sno’s, plaintiff, carrying a pint bottle, was informed by Neil Sheets that only alcohol purchased on the premises could be consumed there. He was requested to remove the bottle from the building, at which time he turned and left. Due to the fact that the plaintiff’s car was a great distance from the restaurant, he decided to conceal the bottle in his coat and reentered the restaurant, placing the unopened liquor bottle on the table at the party in open view. Defendant, learning that the liquor bottle was at the table, removed it and placed it under the counter at the front of the building.
From this point on two different versions of the facts were related to the Trial Judge. First, the plaintiff contends that upon learning of the confiscation of the liquor bottle, he requested that the defendant, Neil Sheets, return the bottle, and he would leave the premises. He states that the defendant refused to return the bottle claiming that it now belonged to him. Upon learning that he would not receive the bottle the plaintiff requested the defendant to step outside so that they could discuss the *529 matter in private. Plaintiff states that his conversation with Sheets was neither loud nor abusive. While proceeding out of the establishment the plaintiff claims to have been hit from behind on the left side of his head by Neil Sheets. He states that the fight which ensued was one of Sheets hitting him repeatedly with hard blows until he was dazed and shoved head first into the locked glass door. Upon his head hitting the door, the glass broke and he suffered severe lacerations to his scalp.
The conflicting version of the facts is related to the Trial Court by Neil Sheets. Sheets stated that he was informed that a liquor bottle was present at plaintiff’s table at which time he removed a pint bottle which was three-fourths empty. The conversation which ensued between the plaintiff and the defendant according to Sheets was rather loud and included vulgarity. Sheets informed plaintiff that it was his intention to return the liquor bottle only upon the plaintiffs leaving the premises. At this time, plaintiff invited Sheets to step outside in order to settle the trouble. The defendant stated he would not go outside to conduct any business with the plaintiff.
The plaintiff again asked him to go outside, and Sheets testified that he started walking to the door with the plaintiff perhaps a step to his rear and to his right. As they got to the door, defendant grabbed plaintiff by the arm and attempted to push him out the door to evict him. The plaintiff turned toward Sheets, grabbing his shirt, tearing it, and a scuffle ensued. The plaintiff was never knocked to the floor, but the plaintiff went back toward the door during the scuffle with the glass breaking.
In his written reasons for judgment the Trial Judge said:
“While plaintiff presented his case well, the Court was convinced that, all factors considered, more credence should be given to the defendants’ version of the incident.”
The Trial Judge reasoned that the defendant was merely protecting his business and that it was the plaintiff who provoked the affray. Under the circumstances, the Trial Judge felt the actions of the defendant were justified and that there was no use of excessive force in evicting the plaintiff.
In appealing, plaintiff-appellant assigns three specifications of error in that the Trial Judge (1) found that the plaintiff provoked the argument, (2) that the defendant did not use excessive force, and (3) that the Trial Judge relied on incorrect and overruled jurisprudence in making his decision.
ERRORS NOS. 1 & 2
It is well settled that a plaintiff cannot recover damages for a battery if it is established that he provoked the difficulty in which he received the injuries, and that if the person retaliating uses more force than is necessary to repel the attack, he is liable for damages. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969).
The Louisiana Rule is that “mere words, even though designed to excite or irritate, cannot excuse a battery.” Morneau v. American Oil Co., 272 So.2d 313, 316 (La.1973).
The conflicting versions of the altercation having been resolved in favor of the defendants will not be disturbed by this Court absent a showing of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973). None has been shown, nor do we find any.
The plaintiff was creating a disturbance in Sno’s, and thus we hold that the defendant, Neil Sheets, was justified in evicting plaintiff from the establishment, and that the minimal amount of force Sheets was going to use was reasonable. However, when plaintiff grabbed at Sheets, tearing his shirt, he became the aggressor, thus voiding any recovery he may receive for injuries, unless excessive force was used by defendant. Additionally, we hold that there was no excessive force used. It is apparent to this Court, as it was to the Trial Judge, that when plaintiff grabbed at Sheets’ shirt and a scuffle ensued, defendant was merely protecting himself. The *530 unforeseen falling of the plaintiff into the glass door was not caused by the use of excessive force.
ERROR NO. 3
Irrespective of the fact that the Trial Judge relied on the cases of Gross v. Great Atlantic & Pacific Tea Co., 25 So.2d 837 (La.App. Orl. Cir. 1946) and Davis v. Maddox, 100 So.2d 905 (La.App. 1st Cir. 1958) which were both overruled by Morneau v. American Oil Co., supra, the result reached by the Trial Judge is correct.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. Plaintiff-appellant is to pay all costs of this appeal.
AFFIRMED.