CHIASSON, Judge.
This is a suit for recovery of damages allegedly resulting from an assault and battery that occurred at a condominium com *977 plex. Appellant, Patrick D. Camel, owned and lived in a unit at the complex and co-owned another unit which he leased to appellee, Joseph G. Hynes.
In March of 1977 at approximately 8:30 P.M., Hynes and a companion were attacked by a group of youths outside the complex and sought refuge behind an iron gate located at the rear of the complex. The gate would not lock and Hynes and his companion attempted to hold it closed while Hynes began calling for help. Upon hearing the noise, Camel, who was inside a condominium owned by a third person, opened the door and looked outside. Upon observing the altercation, Camel reentered the unit, closed the door and called the police. Shortly thereafter, when a neighbor appeared with his two dogs, the attackers fled. Hynes then proceeded to the condominium where Camel was visiting and began pounding on the door. When Camel opened the door, Hynes struck him in the face. Camel asserts and Hynes denies that he struck appellant several more times. The most serious resulting injury to Camel was damage to his teeth.
Camel brought suit seeking recovery for property damages (torn clothing), pain and suffering and medical expenses. Hynes reconvened seeking damages resulting from the attack by the group of youths, alleging that appellant was liable for failure to maintain the lock on the gate in working condition and for failure to come to his assistance.
The trial judge awarded Camel $1,850.00, plus interest and costs and denied Hynes’ reconventional demand.
Camel appealed contending that the trial judge erred (1) in finding that his actions justified a mitigation in damages, and (2) in not awarding appellant a reasonable sum for expert witness fees.
Appellee neither appealed nor filed an answer to the appeal.
“Words which are calculated to provoke and arouse to the point of physical retaliation may mitigate the damages in a civil action . . Morneau v. American Oil Company, 272 So.2d 313 (La.1973). Presuming, arguendo, that actions without words may also justify mitigation of damages, we are unable to conclude under the evidence presented that Camel’s actions merited such mitigation.
Camel observed the altercation and promptly called the police. Although it is true that he did not go to the aid of Hynes, he was under no duty to do so. From Hynes’ position, it is understandable that he would be angered by what he perceived as a denial of assistance in a time of peril. However, from Camel’s viewpoint, he did that which he thought was prudent under the circumstances. His action, in calling the police rather than personally going to the aid of Hynes, cannot be construed as an action calculated to provoke and arouse Hynes to the point of physical retaliation. No mitigation of damages should have been allowed by the trial court.
Appellant’s medical expenses alone amounted to $1,500. We hold that an appropriate award for appellant’s property damages, pain and suffering is in the amount of an additional $1,500.
Appellant also contends that he is entitled to expert fees. We agree. The only testimony elicited from an expert was that of Camel’s dentist which was taken by deposition and introduced into evidence by stipulation of counsel in lieu of the doctor testifying at the trial.
The trial court made no mention of the expert fee in its reasons for judgment nor in the judgment itself. It was apparently an oversight by the trial court and, because we have all the facts necessary to determine the issue, we shall decide it rather than remand the case to the trial court. The deposition took 55 minutes and we fix the fee of the expert witness at the sum of $75.00 to be taxed as costs.
For these reasons the judgment of the trial court in favor of Patrick D. Camel is amended to the sum of $3,000.00 and the fee of the expert witness is fixed at the sum of $75.00 and taxed as costs. In all other respects, the trial court’s judgment is affirmed.
*978 All costs are assessed against appellee.
AMENDED, AFFIRMED AND RENDERED.