DOMENGEAUX, Judge.
This jury case resulted from a suit for damages brought by Alton Joseph Choate, individually and on behalf of his minor son, Steve Choate, against Karlan Pope Greene, individually and as administrator of the estate of Russell Greene, for injuries sustained by Steve Choate in the course of a fight with Russell Greene. In a unanimous verdict, the jury found that the defendant was liable and awarded $5,000.00 in damages. The defendant-appellant brings this appeal alleging that the jury erred in finding him liable, and alternatively, that the damages awarded were excessive. The plaintiff-appellee answered seeking an increase in damages. We affirm.
On the night of November 19, 1977, Steve Choate and Russell Greene attended a dance at the Abbeville Country Club in Abbeville, Louisiana. At one point during the evening Steve accidently bumped into Russell. Words were exchanged as tempers rose. During the heated discussion they agreed to go outside and fight at Steve’s invitation. On the way outside Steve shoved Russell into a table. As Russell walked through the front door he removed his belt which had a heavy metal belt buckle. The boys walked approximately 30 feet outside the clubhouse onto a nearby putting green.
The facts become somewhat disputed at this point in the disturbance. The plaintiff-appellee argues that once on the putting green Russell quickly swung the belt at Steve, hitting his arm with the first blow and his head with a second. The defendant-appellant claims that the belt was swung only after Steve advanced toward Russell to begin fighting. Regardless of who initiated the confrontation on the putting green, by the time the chaperones arrived to separate the boys, Steve had received a head injury caused by being struck by the swinging belt buckle.
*949 The defendant argues that Russell was entitled to swing the belt at Steve because he, being a person threatened with bodily harm, had the right to use force reasonably necessary for self-protection. While this general rule of self-defense is a correct statement of the law, the jury apparently concluded that it did not fit the facts of this case.
Defendant also argues that the plaintiff should be denied recovery because Steve’s voluntary participation in the fight leaves him without a right to complain simply because he suffered the worst of it. Buchert v. Metropolitan Life Insurance Company, 219 So.2d 584 (La.App. 4th Cir. 1969). However, it was within the province of the jury to find that the force used by the defendant was in excess of that which was reasonably necessary, and for that reason impose liability.
A case such as the one before us rests on its own peculiar facts and circumstances. Questions such as which party was the aggressor, and whether a party used excessive force are clearly factual determinations. Similarly, the dispute as to which of the boys actually started the fight on the putting green can only be resolved on the basis of an evaluation of the credibility of the witnesses.
The standard of review in a factual dispute such as the one before us is explained in Canter v. Koehring, 283 So.2d 716 (La.1973):
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
In Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the Supreme Court defined manifestly erroneous as meaning clearly wrong.
We cannot say that the jury was clearly wrong in finding that excessive force was used. The record can support that determination.
Both parties question the amount of damages set by the jury.
Steve’s injury was described by his physician, Dr. Steven I. Goldware, a specialist in neurological surgery, as an open depressed fracture in the left parietal area. He testified that Steve was not unconscious when he came to the hospital shortly after the altercation, but was experiencing a lightheaded feeling. Surgery was performed to correct the fracture. There was no brain injury. After five days in the hospital Steve was discharged, without medication. He was on limited activities for about a month, at which time he was advised that he could resume normal activities. It was suggested, however, that he wear a hard hat when engaging in any activity which might cause him to be hit in the head. This was to protect him from any additional injury until healing had progressed to the point that Steve no longer needed additional protection. It is not clear if and for how long Steve wore a hard hat.
Regarding the issue of damages, we observe Civil Code Article 1934 which provides that, in the assessment of general damages, “much discretion must be left to the judge or jury . . .
In Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), the Supreme Court stated:
“We do reemphasize, however that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact *950 abused its discretion in making its award.” (Emphasis ours)
This standard of review was also discussed in Reck v. Stevens, 373 So.2d 498 (La.1979), where the Supreme Court stated:
“Thus, the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion,’ La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d. 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case.” (Footnote omitted)
We cannot find that the award of $5,000.00 was an abuse of discretion of the jury. We note that it was within their province to consider Steve’s conduct in mitigation of damage. Morneau v. The American Oil Company, 272 So.2d 313 (La.1973); Andrepont v. Naquin, 345 So.2d 1216 (La. App. 1st Cir. 1977). Considering Steve’s desire to fight as evidenced by his shoving Russell into a table while inside the clubhouse, the jury may have mitigated the damages.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the defendant-appellant.

AFFIRMED.