LOBRANO, Judge.
Donald Brossette (Brossette) filed suit against Robert Lee (Lee) and George Clo-fort (Clofort) for personal injuries sustained by him as a result of a physical altercation. The trial court found Lee and Clofort liable in solido to Brossette in the sum of $179,344.83. This appeal followed.
The main issue to be determined by this court is a factual one, that being the question of who was the aggressor in the altercation.
The trial judge’s factual conclusions as to the events preceeding and during the altercation are very well articulated in his reasons, and are supported by the evidence. We affirm.
On September 25, 1976, Brossette, his wife and children attended a birthday party at the home of a friend, Curtis A. Keeler. Also in attendance were Lee and Clofort, as well as their spouses.
Between midnight and 1:00 a.m. Bros-sette and another guest, Mr. dos Ramos became engaged in a heated verbal argument. Brossette was seated on a chair with his daughter’s head resting on his lap. dos Ramos was seated next to him. Apparently threats were exchanged between the two and a short time later the host Keeler, in support of his friend, Brossette, said to Clofort and Lee words to the effect that if dos Ramos jumped Brossette he (Keeler) *638 would jump on dos Ramos. Clofort replied, “You will have to go through me.”
Lee testified that upon hearing the verbal confrontation he went to confront Bros-sette. According to Lee, Brossette then used vulgarity towards dos Ramos, Lee and others. At that point Brossette arose from the chair and Lee hit him. Lee’s testimony is that Brossette did not swing first but appeared as though he would but “I didn’t give him the chance.” Brossette was knocked back in the chair and his ear started bleeding.
Clofort testified that at that point he came between Brossette and Lee to break up the fight. At first he testified that he was kicked by Brossette, but upon being confronted with his prior deposition he recanted that statement and said Brossette swung at me once, and tried to kick me. “... but he never hit me.” Clofort then struck Brossette in the face knocking him against the wall into various tools.
As a result of the altercation, Brossette sustained severe injuries to his left eye, requiring hospitalization and surgery. Dr. Rubin, an expert in the field of opthalmolo-gy, testified there is permanent damage to the 3rd, 4th, 6th and possibly 5th nerve. That damage has resulted in Brossette having what is termed a drooping eye lid, and loss of peripherial vision. Dr. Rubin testified he will never have good vision in any other field of gaze except straight ahead. He will require several pairs of glasses throughout his life to help negate his “double vision”. However it will never be cured.
We find it undisputed that Bros-sette did not strike or attempt to strike Lee prior to the attack by Lee. There is contradictory testimony as to whether Brossette attempted to hit Clofort before Clofort struck. However, we are convinced that there was no physical contact between Brossette and Clofort before Clofort struck. We conclude that whatever actions Brossette did take after being hit by Lee did not make him the aggressor with respect to Clofort. Furthermore, our jurisprudence is clear that mere words, no matter how calculated to irritate or excite, cannot justify a battery. Morneau v. American Oil Company, 272 So.2d 313 (La.1973); Dean v. Nunez, 423 So.2d 1299 (La.App. 4th Cir.1982). Our legal system commends the use of judicial process rather than force for the settling of disputes. Morneau, supra.
Clofort and Lee argue that the trial judge erred in applying the so called “silent evidence” presumption because of the failure of Mr. and Mrs. dos Ramos to testify. Specifically, the trial court found:
“The absence of Mr. and Mrs. dos Ramos was not explained, thus it must be concluded that their testimony would be contrary to the position of the defendants.”
Recently our Supreme Court in Succ. of Lyons, 452 So.2d 1161 (La.1984), stated:
“If a party to a law suit has the witness available whom he fails to call without explanation, it is presumed that the testimony of the witness would be adverse.” at 1164, citing Succ. of Yeates, 213 La. 541, 35 So.2d 210 (1948).
We must agree with Clofort and Lee with respect to this issue. There was no showing whatsoever that they had either Mr. or Mrs. dos Ramos available and failed to call them. There is no mention in the record by either plaintiff or defendants as to the whereabouts, or any peculiar and masterful knowledge of the incident dos Ramos might have. See, Faucheaux v. Hooker Chemical Corp., 440 So.2d 1377 (La.App. 5th Cir.1983).
However, even though we hold the presumption should not have been applied, the evidence as a whole substantiates the trial court’s finding, and we find no manifest error in connection therewith.
In oral argument defendant Lee raises the issue that his blow was not the cause of Brossette’s damages, and therefore he should not be liable in solido for the entire amount. Although this issue was not briefed, we have considered same when reviewing the record. First we note that the altercation between Lee and Brossette *639 was immediately prior to that of Clofort and Brossette. It is equally clear that Clo-fort’s action was a result of or in assist of Lee’s action. We do not find two separate and distinct altercations, but a continuous one involving all three individuals.
We do not find error in holding Lee liable in solido. We find the first paragraph of La. Civil Code Art. 2324 applicable to the instant case. It provides:
“He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.”
For the above and foregoing reasons the judgment of the lower court is affirmed.
AFFIRMED.